ANSTEAD, Chief Judge.
We affirm appellant’s convictions and sentences. We hold that the trial court did not err in giving jury instructions on lesser included offenses pursuant to the belated but timely request of the state.
We recognize that the appellant requested that no such instructions be given and that he made a knowing and intelligent waiver of his right to have such instructions given. See Harris v. State, 438 So.2d 787 (Fla.1983), cert. denied, — U.S. -, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984), wherein the defendant’s waiver was held to preclude him from complaining on appeal of the trial court’s failure to give instructions on lesser included offenses. Nevertheless, since the charging document, as a matter of law, includes all necessarily lesser included offenses that the state may have charged, we believe the state was entitled to have the jury consider the appellant’s liability for such offenses as well as the main offense charged. State v. Bruns, 429 So.2d 307 (Fla.1983); Brown v. State, 206 So.2d 377 (Fla.1968). While a defendant may be charged with the highest offense that a prosecutor or grand jury believes appropriate considering the available evidence, that does not mean that the state must necessarily risk giving up the right to prove a lesser charge against the defendant. For instance, in a case where aggravated battery is charged, we believe the state would be entitled to have the jury charged on the offense of simple battery, a necessarily lesser included offense of aggravated battery. However, because we too are concerned about the meaning of the Supreme Court’s ruling in Harris, we certify the following question as one of great public importance so that the appellant may request further review of this important issue:
Is the state entitled to have jury instructions given on necessarily included lesser offenses in a case where the defendant requests that no such instructions be given and knowingly and intelligently waives his right to such instruction?
HURLEY, J., and SALMON, MICHAEL H., Associate Judge, concur.