479 So.2d 266 (1985)
Mannie Wilfredo PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 85-464.
District Court of Appeal of Florida, Fifth District.
December 5, 1985.
*267 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This is an appeal from a final judgment adjudicating Perez guilty of a sexual battery under section 794.011(4)(a), Florida Statutes. One essential constituent element of this particular statutory offense is that the victim was "physically helpless"[1] when the sexual battery occurred. Perez moved for a judgment of acquittal on the ground that the State failed to prove that the victim was physically helpless. The trial court's denial of this motion is the point on this appeal.
Some evidence was presented to the jury that the victim did communicate her unwillingness to participate in any act. However, the victim testified that Perez hit her in the face breaking her nose and causing much bleeding to occur before committing sexual battery upon her person. Therefore, there was evidence from which the jury could find that the severe blow to her face rendered the victim physically unable to effectively communicate her unwillingness to the act.
Whether a victim was "physically unable to communicate his unwillingness"[2] and thus was "physically helpless to resist"[3] are factual questions for the jury. McIlwain v. State, 402 So.2d 1194 (Fla. 5th DCA 1981), rev. denied, 412 So.2d 467 (Fla. 1982).
The jury found beyond a reasonable doubt that, at the time of her sexual battery, the victim was "physically helpless to resist." There was substantial competent evidence to support that conclusion. We do not have the authority to re-weigh or re-evaluate the evidence. Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
The judgment of conviction is affirmed.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] Section 794.011(4)(a) makes it a first degree felony to commit sexual battery upon a person over eleven years of age, without that person's consent "when the victim is physically helpless to resist." Section 794.011(1)(d) defines "physically helpless" to mean "that a person is unconscious, asleep, or for any other reason is physically unable to communicate unwillingness to an act."
[2] § 794.011(1)(d), Fla. Stat.
[3] § 794.011(4)(a), Fla. Stat.