491 So.2d 541 (1986)
Vincent Francis GALLO, Petitioner,
v.
STATE of Florida, Respondent.
No. 67254.
Supreme Court of Florida.
July 17, 1986.
*542 John C. Rayson of Sherman and Rayson, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen., and Robert S. Jaegers and Sarah B. Mayer, Asst. Attys. Gen., West Palm Beach, for respondent.
McDONALD, Chief Justice.
The Fourth District Court of Appeal has certified the following question as being one of great public importance:
IS THE STATE ENTITLED TO HAVE JURY INSTRUCTIONS GIVEN ON NECESSARILY INCLUDED LESSER OFFENSES IN A CASE WHERE THE DEFENDANT REQUESTS THAT NO SUCH INSTRUCTIONS BE GIVEN AND KNOWINGLY AND INTELLIGENTLY WAIVES HIS RIGHT TO SUCH INSTRUCTION?
Gallo v. State, 472 So.2d 491, 492 (Fla. 4th DCA 1985). This Court has jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer in the affirmative and approve the opinion of the district court.
A four-count information charged Gallo with kidnapping with the use of a firearm, two counts of sexual battery, and possession of a firearm during the commission of a felony. During the charge conference, Gallo's attorney requested a waiver of all lesser included offense instructions. Although the state attorney initially indicated that he had no objection to such a waiver, the trial judge stated that he was reluctant to grant Gallo's request because certain lesser included offenses were applicable as a matter of law. After the trial judge made his apprehensions known, the state attorney retracted his initial acquiescence and requested that the court instruct the jury as to the appropriate lesser included offenses. Under count I, the court instructed the jury as to kidnapping with the use of a firearm plus kidnapping without the use of a firearm and false imprisonment. As to counts II and III, the court instructed the jury on the charged offense and on attempted sexual battery with the use of a firearm, sexual battery with force not likely to cause serious injury, and battery. Under count IV, the court instructed the jury as to the charged offense plus improper exhibition of a firearm. Although he made a general objection to the court instructing on any lesser included offenses, Gallo made no specific objection to any particular instruction that the court actually gave. The jury found Gallo guilty of kidnapping without use of a firearm, guilty of two counts of sexual battery with force not likely to cause serious injury, and not guilty of possession of a firearm during the commission of a felony. On appeal, the Fourth District affirmed both the convictions and the sentences, but expressed some uncertainty concerning our prior *543 opinion in Harris v. State, 438 So.2d 787 (Fla. 1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984). Therefore, the district court certified the instant question.
This Court has long held that, upon a proper request, a trial judge must instruct the jury on necessarily included lesser offenses. See Harris, 438 So.2d at 796; State v. Washington, 268 So.2d 901 (Fla. 1972); Brown v. State, 206 So.2d 377 (Fla. 1968). In Harris, however, we made it clear that a defendant could make a knowing and intelligent waiver of his right to these instructions just as he could expressly waive his right to a jury trial. 438 So.2d at 797. Harris, however, does not stand for the proposition that the state has no say in what instructions the jury receives.
In order for the waiver of lesser included offense instructions to be effective, the state had to consent to the waiver just as it would have had to consent had Gallo desired to waive his right to a jury trial. See Fla.R.Crim.P. 3.260. Where, as here, the state fails to consent to the waiver, the court does not commit error when it denies the motion. The district court aptly summarized the reasoning behind this rule as follows:
[S]ince the charging document, as a matter of law, includes all necessarily lesser included offenses that the state may have charged, we believe the state was entitled to have the jury consider the appellant's liability for such offenses as well as the main offense charged. While a defendant may be charged with the highest offense that a prosecutor or grand jury believes appropriate considering the available evidence, that does not mean that the state must necessarily risk giving up the right to prove a lesser charge against the defendant.
472 So.2d at 492 (citations omitted). While Gallo contends that the state consented to the waiver, the record reflects otherwise. Although the state attorney initially indicated consent, he almost immediately thereafter made a request for lesser included offense instructions. The state made its request in a timely manner and therefore the court did not err in giving these instructions to the jury.
Gallo also asks us to address issues not specifically referred to in the opinion of the district court. We find no reversible error and decline to address the issues separately.
Accordingly, we answer the certified question in the affirmative and approve the opinion of the district court.
It is so ordered.
ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.