555 So.2d 1316 (1990)
James Arnold NORMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-204.
District Court of Appeal of Florida, Fifth District.
January 25, 1990.
James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
*1317 Robert A. Butterworth, Atty. Gen., Tallahassee, Fleming Lee, Asst. Atty. Gen., and Robin A. Compton, Certified Legal Intern, Daytona Beach, for appellee.
GOSHORN, Judge.
James Arnold Norman was convicted of committing a sexual battery when the victim was physically helpless to resist.[1] Because there is no evidence that the victim was physically helpless as that term is statutorily defined, we reverse.
Section 794.011(1)(e) provides:
The term "physically helpless" means that a person is unconscious, asleep, or for any other reason physically unable to communicate unwillingness to an act.
In the instant case, the victim was able to communicate her unwillingness, and did so both before and during the commission of the sexual battery. Compare Perez v. State, 479 So.2d 266 (Fla. 5th DCA 1985) (although there was some evidence the victim communicated her unwillingness to participate in the act, there was also evidence from which a jury could conclude a severe blow to victim's face rendered her physically unable to effectively communicate her unwillingness to the act).
Norman further objects that the following jury instruction improperly led the jury to conclude that Norman's inconsistent statements revealed HIS consciousness of guilt:
The court further instructs you that inconsistent exculpatory statements can be used to affirmatively show consciousness of guilty and unlawful intent.
This objection is without merit. See Johnson v. State, 465 So.2d 499 (Fla. 1985), cert. denied, 474 U.S. 865, 106 S.Ct. 186, 88 L.Ed.2d 155 (1985).
Finally, the parties agree that the trial court erred in assessing costs against Norman without notice or an opportunity to be heard. However, upon remand, the trial court may consider the assessment of costs following proper notice and hearing. Mays v. State, 519 So.2d 618 (Fla. 1988).
Accordingly, this case is reversed and remanded for resentencing for the lesser included offense of sexual battery in violation of section 794.011(5), Florida Statutes (1987).
REVERSED and REMANDED.
DAUKSCH and HARRIS, JJ., concur.
NOTES
[1] § 794.011(4)(a), Fla. Stat. (1987).