572 So.2d 957 (1990)
Sinclair JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2191.
District Court of Appeal of Florida, First District.
December 14, 1990.
Clyde M. Collins, Jr., Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Virlindia A. Sample, Asst. Atty. Gen., for appellee.
MINER, Judge.
In this appeal, two questions are presented for our review. First, appellant contends that the trial court erred in instructing the jury to continue deliberating after the jury had already been given a so-called *958 Allen charge.[1] Secondly, appellant urges that the trial court erred in instructing the jury as to the lesser included offense of aggravated battery over his objection. Finding no error with respect to the first issue in controversy, we affirm on this point without further elaboration. Although we affirm as to the second point on appeal as well, we acknowledge that some confusion exists with respect to instructions on lesser included offenses and deem it appropriate to explore this issue in more detail.
In the case at hand, appellant, Sinclair Johnson, was charged by information with, among other offenses, the crime of attempted murder in the first degree with a firearm. Specifically, the information charged that appellant "did attempt to kill Robert Gooden ... by shooting the same Robert Gooden, with a revolver, with a premeditated design to effect the death of Robert Gooden... ." At trial, a witness testified that she heard appellant and the victim having an argument outside her home. When she looked out her window, she saw appellant pull out a gun and shoot the victim in the kneecap. Appellant then approached the victim and shot him twice more. This account was corroborated by testimony from the arresting officers. Apparently, the arresting officers heard the initial shot and then witnessed appellant's subsequent shots. Appellant did not deny that he shot the victim, but argued that the shooting was in self-defense.
At the jury charge conference at the end of the two-day trial, appellant's counsel announced that appellant did not want instructions on lesser included offenses. The state requested instructions on attempted second degree murder and aggravated battery. Despite appellant's argument that he had the right to present the jury with an "all or nothing" option, the trial court decided to give the instructions requested by the state. Faced with this prospect, appellant's counsel asked that instructions on all lesser included offenses be given if those requested by the state were going to be given. Thereafter, the trial court instructed on attempted second degree murder, aggravated battery, culpable negligence, battery and assault. From the appellant's convictions for aggravated battery with a firearm and another offense not pertinent to this analysis, he appeals.
We begin our inquiry by noting that aggravated battery is not a category 1 necessarily lesser included offense of attempted first degree murder. It is, rather, a category 2 lesser included offense. Bell v. State, 394 So.2d 570 (Fla. 5th DCA 1981). Consequently, the issue before us is whether the state is entitled to have the jury instructed on category 2 lesser included offenses over a defendant's objection. Although there is a surprising lack of authority on this question, we hold that under the circumstances before us the state was entitled to the instruction despite appellant's objection.
Appellant argues that he had the right to present the jury with an "all or nothing" option; that is, to have the jury decide the case by convicting him of the charged offense or of nothing at all. However, appellant fails to offer authority establishing such a right, and we are aware of contrary authority. See Courson v. State, 414 So.2d 207, 209-10 (Fla. 3d DCA 1982). Further disproving appellant's "all or nothing" argument is the well-established proposition that the state is entitled to jury instructions on category 1 necessarily lesser included offenses despite a defendant's objection. See Gallo v. State, 491 So.2d 541 (Fla. 1986); State v. Washington, 268 So.2d 901 (Fla. 1972). In Gallo, the supreme court held that the state was entitled to have the jury consider the defendant's liability for category 1 offenses as well as for the main offense charged. The court reasoned that because category 1 offenses are necessarily included in the charged offense, the charging document must be said to *959 contain any category 1 offenses as a matter of law. 491 So.2d 543.[2]
Unlike necessary lessers, category 2 lesser included offenses are not contained in the information "as a matter of law." The existence of category 2 lessers is only discoverable upon close examination of the allegations and proof connected with the charge. See Brown v. State, 206 So.2d 377, 383 (Fla. 1968). Whereas instruction on necessary lesser included offenses will not prejudice the defendant because they are contained in the information as a matter of law, it has been suggested that instruction on category 2 lessers may cause prejudice as the defendant is forced to read between the lines of the information and anticipate what will be proven at trial. We do not find these suggestions persuasive given the scope of discovery available to persons charged with criminal offenses at this day and time. Moreover, we find that the only authority on this question permits instruction on category 2 lesser included offenses despite a defendant's objection, so long as the elements of the lesser offense are embodied in the charged offense and are sufficiently disclosed in the evidence. Morrison v. State, 259 So.2d 502 (Fla. 3d DCA 1972). In the instant case, the information specifically alleged that appellant intentionally shot the victim. The evidence adduced at trial was sufficient to establish the elements of aggravated battery. Under these circumstances, the state could insist that aggravated battery be submitted to the jury. However, because we believe that the issue at hand is one of great public importance requiring resolution by the Florida Supreme Court, we certify the following question:
IS THE STATE ENTITLED TO HAVE JURY INSTRUCTIONS GIVEN ON CATEGORY 2 INCLUDED LESSER OFFENSES, IN ADDITION TO CATEGORY 1 NECESSARILY INCLUDED LESSER OFFENSES, IN A CASE WHERE THE DEFENDANT REQUESTS THAT NO SUCH INSTRUCTIONS BE GIVEN AND KNOWINGLY AND INTELLIGENTLY WAIVES HIS RIGHT TO SUCH INSTRUCTIONS?
Appellant's conviction is AFFIRMED.
WENTWORTH, J., concurs.
ERVIN, J., concurs with opinion.
ERVIN, Judge, concurring.
I concur without reservation as to the majority's disposition of Issue I. I concur as well with the majority's disposition of Issue II, relating to the trial court's instruction to the jury of the category 2-lesser included offense of aggravated battery, because I am of the view that this issue is controlled by the Florida Supreme Court's decisions in State v. Washington, 268 So.2d 901 (Fla. 1972), and Gallo v. State, 491 So.2d 541 (Fla. 1986). I feel constrained to say, however, that some confusion has resulted from these decisions regarding whether the state is entitled to have the jury instructed on category 2-lesser included offenses, in addition to category 1-lessers, in a case in which a defendant, as here, specifically requests that instructions on all lessers not be given.
In Washington, the supreme court reversed this court's decision in Washington v. State, 247 So.2d 743, 747 (Fla. 1st DCA 1971), in which we held that a defendant could object to an instruction on lesser included offenses and could insist that he be tried only for the crimes set forth in the information. In so holding, we observed that if the state were permitted to request instructions on all lesser included offenses, the result would be to grant "to the jury [in the case before it] six choices for conviction and only one choice for acquittal." Id. Although the supreme court on review found that our opinion comported with logic and fairness, and "set forth the better *960 rule," our holding was quashed because Section 919.16, Florida Statutes (1969),[3] required that a trial judge instruct on all necessarily included offenses. Washington, 268 So.2d at 902. In so ruling, the supreme court apparently overlooked the First District's observation that the lesser offense of which the defendant was convicted, assault with intent to commit rape, was not a necessarily included offense to that of the offense charged, rape, but only a permissibly included lesser offense, because the supreme court made no distinction between necessarily or permissibly included lesser offenses.
The supreme court more recently revisited the question in Gallo, in which it reiterated the rule announced in Washington. In Gallo, as in Washington, however, the supreme court again apparently overlooked the fact that some of the lesser included offenses the state requested involved category 2-lesser offenses.[4] The supreme court nevertheless approved the following language from the Fourth District's opinion in Gallo v. State, 472 So.2d 491 (Fla. 4th DCA 1985):
"[S]ince the charging document, as a matter of law, includes all necessarily lesser included offenses that the state may have charged, we believe the state was entitled to have the jury consider the appellant's liability for such offenses as well as the main offense charged. While a defendant may be charged with the highest offense that a prosecutor or grand jury believes appropriate considering the available evidence, that does not mean that the state must necessarily risk giving up the right to prove a lesser charge against the defendant."
Gallo, 491 So.2d at 543 (quoting Gallo, 472 So.2d at 492) (emphasis added).
Thus, because the supreme court continues to permit the state to request instructions on all lesser included offenses, without distinguishing between category 1 and category 2-lessers, I concur in the majority's disposition of point II. I am nonetheless concerned  both because of the change in the language regarding instructions on lesser included offenses, as now encompassed in rule 3.510, and because of well-established case law authority recognizing that a defendant may make a knowing and intelligent waiver of his right to instructions on lesser included offenses [5] whether the supreme court intended to permit the state to request that jury instructions be given on category 2-lesser offenses, notwithstanding a defendant's request that no such instructions be given.
NOTES
[1] This verdict-urging instruction is based upon Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). The charge instructs jurors to continue deliberating by discussing the weaknesses in their respective positions. If a decision cannot be reached following such discussion, then the judge will declare a mistrial. Fla. Std. Jury Instr. (Crim.) 3.06.
[2] The supreme court's opinion in Gallo was in response to a certified question involving the state's entitlement to jury instructions on "necessarily included lesser offenses." Although the court addressed the certified question without modification, it appears that the case actually involved a category 2 lesser included offense rather than a category 1 necessarily lesser included offense. This anomaly was discussed in Gould v. State, 558 So.2d 481, 484-85 (Fla. 2d DCA 1990).
[3] The mandatory language of section 919.16 has since been deleted and has been replaced by Florida Rule of Criminal Procedure 3.510(b), effective October 1, 1981, which permits a jury to convict the defendant of any necessarily included offense or a lesser included offense of the offense charged that is supported by the evidence.
[4] The confusion spawned by Gallo and Washington was compounded by the Second District's recent opinion in Gould v. State, 558 So.2d 481, 485 (Fla. 2d DCA), jurisdiction accepted, 564 So.2d 487 (Fla. 1990), wherein the court interpreted Gallo as holding that a category 2-lesser offense "can constitute a `necessarily included lesser offense.'" The Second District so concluded, despite the fact that one of the lessers requested and given, sexual battery, as proscribed under Section 794.011(5), Florida Statutes (1985), was not listed in Florida Standard Jury Instructions in Criminal Cases as a necessarily included lesser offense to the offense charged. The Second District's interpretation appears to be at variance with the supreme court's statement that "this schedule will be [after its effective date] an authoritative compilation upon which a trial judge should be able to confidently rely." In re Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 597 (Fla.), modified, 431 So.2d 599 (Fla. 1981).
[5] See Harris v. State, 438 So.2d 787, 797 (Fla. 1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984).