577 So.2d 1302 (1991)
Gary GOULD, Petitioner,
v.
STATE of Florida, Respondent.
No. 75833.
Supreme Court of Florida.
March 21, 1991.
Rehearing Denied May 8, 1991.
*1303 James Marion Moorman, Public Defender and Andrea Norgard, Asst. Public Defender, Tenth Judicial Cir., Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen. and Stephen A. Baker, Asst. Atty. Gen., Tampa, for respondent.
BARKETT, Justice.
We review Gould v. State, 558 So.2d 481 (Fla. 2d DCA 1990), to resolve asserted conflict with Wilcott v. State, 509 So.2d 261 (Fla. 1987); Penny v. State, 140 Fla. 155, 191 So. 190 (1939); and Bean v. State, 469 So.2d 768 (Fla. 5th DCA 1984).[1]
Gary Gould was charged with, among other things,[2] two counts of sexual battery on a victim physically helpless to resist. *1304 § 794.011(4)(a), Fla. Stat. (1985).[3] The charges stemmed from events that transpired on October 26, 1986, involving Gould's live-in girlfriend. At trial, the defense requested jury instructions on several lesser-included offenses of sexual battery on a physically helpless victim, including sexual battery under section 794.011(5), Florida Statutes (1985).[4] The state objected to all lesser-included offenses with the exception of simple battery. The court denied the defense's request and instructed the jury only on the charged offenses and simple battery. The jury found Gould guilty on all charges, and the court entered judgment accordingly. Gould was sentenced to twenty-seven years' imprisonment.
The district court affirmed Gould's convictions with the exception of his convictions under section 794.011(4)(a) for sexual battery on a physically helpless victim. The district court concluded that these convictions were not supported by the evidence. However, rather than vacating these convictions, the district court, under the purported authority of section 924.34, Florida Statutes (1985), directed the trial court to adjudicate Gould guilty of sexual battery under section 794.011(5) as a necessarily included lesser offense. On this issue, we quash the decision of the district court.
Section 924.34, Florida Statutes (1985) provides:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
(Emphasis supplied.)
Neither party argues that sexual battery under section 794.011 is an offense of a lesser statutory degree. Thus, the only question presented is whether section 794.011(5) sexual battery is "necessarily included" in the charged offense.
For section 794.011(5) sexual battery to be a necessarily included lesser offense of the major offense of section 794.011(4)(a) sexual battery, all the elements of section 794.011(5) must also be elements of section 794.011(4)(a). Where "the burden of proof of the major crime cannot be discharged[] without proving the lesser crime as an essential link in the chain of evidence," the lesser offense is a necessarily included lesser offense of the major offense. Brown v. State, 206 So.2d 377, 382 (Fla. 1968).
The elements of section 794.011(4)(a) sexual battery are:
(1) a sexual battery as defined by section 794.011(1)(h), Florida Statutes (1985), is committed;[5]
(2) the act was not consented to; and
(3) the victim was physically helpless to resist.
*1305 The elements of section 794.011(5) sexual battery are:
(1) a sexual battery as defined by section 794.011(h) is committed;
(2) the act was not consented to; and
(3) the use of physical force and violence by the perpetrator is not likely to cause serious personal injury.
In this case, a section 794.011(4)(a) sexual battery can be proven without proving the actual use of any force. Because this subsection applies to victims who are asleep or unconscious, force would not necessarily be required to commit the sexual battery. Since the actual use of some physical force beyond that which is required to accomplish the "penetration" or "union" is an essential element of section 794.011(5), the crime defined by section 794.011(5) is not a necessarily included lesser offense of section 794.011(4)(a). Cf. Grange v. State, 371 So.2d 723 (Fla. 1st DCA 1979) (section 794.011(5) sexual battery is not a necessarily included lesser offense of sexual battery under section 794.011(4)(b) because the latter can be proven without the use of actual force); Harris v. State, 338 So.2d 880 (Fla. 3d DCA 1976) (section 794.011(5) sexual battery is not a necessarily included lesser offense of sexual battery under section 794.011(3) because the latter could be proven without proving the actual use of force, an essential element of section 794.011(5)).
The state urges us to accept the district court's view that section 924.34 also applies to permissive lesser-included offenses that are supported by the accusatory pleadings and evidence adduced at trial. However, the express and unambiguous language of section 924.34, referring specifically to "a lesser offense necessarily included in the offense charged," precludes such a view.
The state relies on Gallo v. State, 491 So.2d 541 (Fla. 1986), for the proposition that permissive lesser-included offenses are necessarily included lesser offenses. Such reliance is misplaced. The question certified in Gallo was whether the state was entitled to jury instructions on necessarily included lesser offenses when the defendant waives such instructions. There was no dispute or discussion in Gallo regarding the appropriate characterization of the lesser offenses in that case. The opinion addressed only the certified question, which assumed for purposes of the question that the lesser offenses involved were necessarily included lesser offenses.[6]
For the foregoing reasons, we quash that part of the district court decision directing the trial court to adjudicate Gould guilty of section 794.011(5) sexual battery. We remand with instructions that the district court direct the trial court to adjudicate Gould guilty of simple battery, as the only necessarily included lesser offense supported by the evidence.[7]
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
[2] Gould was also charged and convicted of kidnapping, sexual battery while threatening to use a deadly weapon, two counts of sexual battery while threatening to use force or violence likely to cause serious personal injury to the victim, and three counts of simple battery. Gould also challenges his conviction for kidnapping. This issue is not encompassed in the conflict question, and we do not address it. The remaining convictions are not at issue.
[3] Section 794.011, Florida Statutes (1985), provides:

(4) A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, under any of the following circumstances is guilty of a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084:
(a) When the victim is physically helpless to resist.
[4] Section 794.011(5), Florida Statutes (1985), provides:

(5) A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof uses physical force and violence not likely to cause serious personal injury is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[5] Under section 794.011(1)(h), Florida Statutes (1985), "sexual battery" is defined as

oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
[6] The district court interpreted Gallo v. State, 491 So.2d 541 (Fla. 1986), to mean that all permissive lesser-included offenses are necessarily included lesser offenses because Gallo's conviction for sexual battery with force not likely to cause serious injury was a permissive lesser-included offense and not a necessarily included lesser offense. We recede from Gallo to the extent that it can be so interpreted.
[7] Because we resolve this issue by finding section 924.34 applicable only to necessarily included lesser offenses, we need not reach the conflict raised by Wilcott v. State, 509 So.2d 261 (Fla. 1987), Penny v. State, 140 Fla. 155, 191 So. 190 (1939), and Bean v. State, 469 So.2d 768 (Fla. 5th DCA 1984).