PER CURIAM.
The defendant was charged with a criminal offense. The charging document contained allegations of the essential facts (elements) of the main offense and also additional allegations of facts constituting elements of a permissive lesser included offense.[1] At trial the State requested the judge charge the jury on, and submit a verdict alternative as to, the permissive lesser included offense. The defendant objected. The court overruled the objection and gave the charge and verdict alternative and the defendant was found guilty of the permissive lesser included offense. The defendant appeals claiming the court erred in giving the instruction and permitting the verdict and conviction. Consistent with Johnson v. State, 572 So.2d 957 (Fla. 1st DCA 1990), rev. granted, Case No. 77,239 (Fla.1991), we affirm but certify, as of great public importance, the following two questions:
WHEN A CHARGING DOCUMENT IN CHARGING A SPECIFIED OFFENSE INCLUDES ADDITIONAL LANGUAGE SUFFICIENT TO ALSO CHARGE A PERMISSIVE (CATEGORY 2) LESSER OFFENSE IS THE ACCUSED THEREBY PLACED IN JEOPARDY AS TO A CONVICTION OF THE PERMISSIVE (CATEGORY 2) LESSER OFFENSE?
IF A CHARGING DOCUMENT IS SUFFICIENT TO ALLEGE A PERMISSIVE (CATEGORY 2) LESSER OFFENSE AND THE DEFENDANT IS THEREBY PUT IN JEOPARDY OF A CONVICTION OF THAT OFFENSE IS THE STATE ENTITLED, OVER THE OBJECTION OF THE DEFENDANT, TO HAVE THE JURY INSTRUCTED AS TO THE PERMISSIVE (CATEGORY 2) LESSER OFFENSE?
AFFIRMED.
GOSHORN, C.J., and COBB and COWART, JJ., concur.

. See Brown v. State, 206 So.2d 377 (Fla.1968). See also In re Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.), modified, 431 So.2d 599 (Fla.1981).