601 So.2d 219 (1992)
STATE of Florida, Petitioner,
v.
Sinclair JOHNSON, Respondent.
No. 77239.
Supreme Court of Florida.
May 28, 1992.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Asst. Atty. Gen. and Virlindia Doss, Asst. Atty. Gen., Tallahassee, for petitioner.
Clyde M. Collins, Jr., Jacksonville, for respondent.
GRIMES, Justice.
We review Johnson v. State, 572 So.2d 957, 959 (Fla. 1st DCA 1990), in which the court certified the following question as being of great public importance:
IS THE STATE ENTITLED TO HAVE JURY INSTRUCTIONS GIVEN ON CATEGORY 2 INCLUDED LESSER OFFENSES, IN ADDITION TO CATEGORY 1 NECESSARILY INCLUDED LESSER OFFENSES, IN A CASE WHERE THE DEFENDANT REQUESTS THAT NO SUCH INSTRUCTIONS BE GIVEN AND KNOWINGLY AND INTELLIGENTLY WAIVES HIS RIGHT TO SUCH INSTRUCTIONS?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
Johnson was charged with attempted first-degree murder as well as other crimes. Specifically, the information stated that Johnson "did attempt to unlawfully kill Robert Gooden ... by shooting the said Robert Gooden, with a revolver, with a premeditated design to effect the death of Robert Gooden... ." At the trial there was testimony that during the course of an argument between them, Johnson pulled out a gun and shot Gooden in the kneecap. Johnson then approached the victim and shot him two more times. Johnson testified that he shot Gooden in self-defense.
At the jury charge conference following the close of testimony, Johnson's attorneys sought to waive instructions on all lesser *220 included offenses. The State requested instructions on attempted second-degree murder and aggravated battery. The court concluded to give the instructions requested by the State. Faced with this prospect, Johnson then asked that instructions on all lesser included offenses be given, and the court acceded to this request. Johnson was convicted of aggravated battery and another offense not pertinent to our analysis.
Aggravated battery is not a category one lesser included offense of attempted murder because each crime contains an element not contained in the other. See generally Fla.Std. Jury Instr. (Crim.). However, the language of the attempted murder information was sufficient to charge aggravated battery with the use of a deadly weapon. See Bell v. State, 394 So.2d 570 (Fla. 5th DCA 1981). The evidence supported this charge. Therefore, in this case aggravated battery was a category two permissive lesser included offense of attempted first-degree murder. See generally Fla.Std. Jury Instr. (Crim.). The district court of appeal held that the State had a right to insist on instructions on category two permissive lesser included offenses over the defendant's objection and affirmed Johnson's conviction of aggravated battery.
In State v. Washington, 268 So.2d 901 (Fla. 1972), a defendant charged with rape objected to instructions on any lesser included offenses. Notwithstanding, the jury was instructed on several lesser included offenses, including the permissive lesser included offense of assault with intent to commit rape. The defendant was found guilty of that crime. In upholding the conviction, this Court stated that the trial judge had properly instructed the jury on the necessarily lesser included offenses to rape. Likewise, in Gallo v. State, 491 So.2d 541 (Fla. 1986), we upheld the conviction of what may have been two permissive lesser included offenses over the defendant's objection to the charging of any lesser included offenses. However, because of the wording of the certified question, we simply stated that the State was entitled to have jury instructions given on necessarily lesser included offenses even though the defendant had knowingly and intelligently requested that no such instructions be given. Prompted by the knowledge that this Court had never specifically stated that a defendant had no right to prevent the giving of instructions on applicable permissive lesser included offenses, the court below chose to certify the subject question.
In holding that the State had the right to insist on the giving of instructions on necessarily lesser included offenses, this Court in Gallo stated:
In order for the waiver of lesser included offense instructions to be effective, the state had to consent to the waiver just as it would have had to consent had Gallo desired to waive his right to a jury trial. See Fla.R.Crim.P. 3.260. Where, as here, the state fails to consent to the waiver, the court does not commit error when it denies the motion.
491 So.2d at 543. We can think of no reason why the rule should be different depending on the nature of the lesser included offense. Providing the charging document and the evidence support the charge, the conviction of a permissive lesser included offense carries the same weight as a conviction of a necessarily included offense. Thus, we hold that the State has a right to insist on the giving of instructions on permissive lesser included offenses over the defendant's objection. We note that our decision is consistent with Morrison v. State, 259 So.2d 502 (Fla. 3d DCA 1972), which held that the trial court is not precluded by the defendant's objection from charging the jury on a permissive lesser included offense. See also Courson v. State, 414 So.2d 207, 209-10 (Fla. 3d DCA 1982) ("While Courson may have wanted the jury to decide the case by either convicting him of the charge contained in the information or nothing at all, that option is not his.").
While continuing to maintain that Johnson was properly convicted of aggravated battery, the State also takes the position that the 1988 amendment to section *221 775.021(4), Florida Statutes (1987), had the effect of eliminating category two permissive lesser included offenses.[1] In chapter 88-131, Laws of Florida, the legislature made the following changes in section 775.021(4):
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Ch. 88-131, § 7, Laws of Fla. The State contends that by this amendment the legislature specifically enumerated the only categories of crime which exist under Florida law. We reject this argument.
In Carawan v. State, 515 So.2d 161 (Fla. 1987), we held that in applying the rule of lenity to construe legislative intent there would be some circumstances under which the defendant could not be convicted of two crimes arising out of the same transaction even though each contained an element not contained in the other. The purpose of chapter 88-131 was to overrule our opinion in Carawan. As amended, section 775.021(4) makes it clear that a defendant may be convicted of two or more criminal offenses arising out of the same transaction as long as each criminal offense contains at least one separate element. Necessarily lesser included offenses were listed in section 775.021(4)(b)3 as an exception to the stated legislative intent to convict for each criminal offense committed in the course of one criminal transaction because by definition necessarily lesser included offenses do not have any elements which are not also contained in the greater offense.
We do not construe chapter 88-131 as reflecting an intent to do away with permissive lesser included offenses. Such offenses have been ingrained in the law of Florida ever since this Court's decision in Brown v. State, 206 So.2d 377 (Fla. 1968). If the legislature wished to eliminate permissive lesser included offenses, we are confident that it would have clearly said so.
We approve the opinion below.
It is so ordered.
OVERTON, McDONALD, BARKETT, KOGAN and HARDING, JJ., concur.
SHAW, C.J., concurs in part and dissents in part with an opinion.
SHAW, Chief Justice, concurring in part, dissenting in part.
Premised upon my belief that the legislature has clearly evidenced its intent to eliminate permissive lesser included offenses by the enactment of chapter 88-131, section 7, Laws of Florida, I respectfully dissent from the portion of the majority opinion that holds otherwise. See Wilcott v. State, 509 So.2d 261 (Fla. 1987) (Shaw, J., dissenting). However, in light of prevailing case law which allows the giving of instructions on permissive lesser included offenses, I agree with the majority that the defendant cannot unilaterally prevent the giving of such instructions.
NOTES
[1] The style of this case is somewhat misleading because the State was first to file a notice seeking to review the decision below.