614 So.2d 533 (1993)
STATE of Florida, Appellant,
v.
Michael SEDIA, Appellee.
No. 92-0354.
District Court of Appeal of Florida, Fourth District.
January 13, 1993.
As Modified on Denial of Rehearing March 17, 1993.
*534 Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellant.
J. David Bogenschutz of Bogenschutz & Dutko, P.A., Fort Lauderdale, for appellee.
STONE, Judge.
We reverse an order dismissing two sexual battery charges and discharging the defendant. It was error to conclude that the facts as developed on the defendant's sworn motion to dismiss cannot support a sexual battery conviction under either section 794.011(4)(a) or section 794.011(5) of the Florida Statutes.
The state charges that Sedia, a physical therapist, was treating a 62 year old woman patient by manipulating her hip and buttocks. The patient was lying nude from the waist down, on the therapy table facing away from the appellant. The act occurred in a hospital's physical therapy room. It is undisputed that the patient was awake. The patient claims that without warning, she felt a penis enter her vagina from behind. No force was used other than the force necessary to complete the penetration. The patient pulled away, immediately turned around, and saw the defendant with his penis exposed. The trial court concluded that those facts, if proven, would not be sufficient to convict Sedia of any sexual battery under Florida law.
Count I of the information alleges a violation of section 794.011(4)(a), Florida Statutes, which provides:
A person who commits sexual battery upon a person 12 years of age or older, without that person's consent... is guilty of a felony of the first degree ... when the victim is physically helpless to resist. (emphasis added)
Section 794.011(1)(e) defines the term "physically helpless" as unconscious, asleep, or for any other reason physically unable to communicate an unwillingness to an act." Victims are not considered "physically helpless to resist" when they are able to communicate their unwillingness to participate in sexual intercourse, even if otherwise helpless. Norman v. State, 555 So.2d 1316 (Fla. 5th DCA 1990).
In this case, even though the patient was not unconscious or asleep, it is *535 reasonable to conclude that she was "otherwise physically unable to communicate an unwillingness to act" prior to penetration. Whether a victim is physically unable to communicate such unwillingness, and is therefore "physically helpless" to resist, should be resolved by the fact finder. Perez v. State, 479 So.2d 266, 267 (Fla. 5th DCA 1985). In Perez, the court upheld a verdict under this charge where there was evidence that the defendant broke the victim's nose causing severe bleeding prior to the sexual assault. Therefore, a jury could find that the blow "rendered the victim physically unable to effectively communicate her unwillingness to the act." Id. at 267.
Here, as in Perez, a jury could conclude that the victim had no opportunity to communicate her unwillingness to have sexual intercourse with the defendant before the alleged penetration occurred. As this is a reasonable interpretation of the statute, the trial court erred in dismissing count I against Sedia. See State v. Milton, 488 So.2d 878 (Fla. 1st DCA), cert. denied, 479 U.S. 1012, 107 S.Ct. 659, 93 L.Ed.2d 713 (1986). In so holding, we do not mean to imply that all people attacked from behind fall within the scope of the statute.
Count II of the information accused Sedia of violating Florida Statute 794.011(5). This section provides:
A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof uses physical force and violence not likely to cause serious personal injury is guilty of a felony of the second degree.
Although this statutory language is open to interpretation, we are able to clearly determine the legislature's intent. See Lowry v. Parole and Probation Comm'n, 473 So.2d 1248, 1249 (Fla. 1985). Courts may consider an amendment to a statute that is enacted soon after a controversy in interpreting the original statute as a legislative interpretation of the original law, and not as a substantive change. Lowry. In Lowry, the court determined that in that case it was "unmistakable" that amendments contained in a pending bill were expressions of the legislature's prior and continuing intent. Id. at 1250.
Here the legislature left no doubt as to its initial intention. In April of 1992, the legislature enacted section 794.005 of the Florida Statutes, clarifying that the only force the state must prove to convict a defendant under section 794.011(5) is the force inherent in the penetration. The statute states:
The legislature ... never intended that the sexual battery offense described in 794.011(5) require any force or violence beyond the force and violence that is inherent in the accomplishment of "penetration" or "union ..." (emphasis added)
Sedia's only argument with respect to his interpretation of the statute is that the Florida Supreme Court, in Gould v. State, 577 So.2d 1302, 1305 (Fla. 1991), assumed that more force than that inherent in the act of penetration is needed to convict a defendant under section 794.011(5). However, the issue in Gould did not involve the degree of force necessary to state a prima facie case. Rather, Gould only involved the question of whether an offense committed under one subsection, which includes "physical force" as an element is a lesser included offense of another subsection. Further, subsequent to Gould, the legislature clarified that it never intended that the state would be required to prove force greater than that inherent in the act of penetration. Applying the supreme court's direction in Lowry, this court should recognize the legislature's statement of intent. See Lowry, 473 So.2d at 1249-1250.
The state need not prove that the defendant used more physical force than merely the physical force necessary to accomplish sexual penetration in order to convict a defendant under section 794.011(5). Therefore, the question of whether Sedia's act occurred as alleged, and without the patient's consent, remains a question of fact. Cf. In re M.T.S., 129 N.J. 422, 609 A.2d 1266 (1992).
*536 The dismissal and discharge are reversed and the cause remanded for further proceedings.
DELL, J., concurs.
FARMER, J., concurs in part and dissents in part with opinion.
FARMER, Judge, concurring and dissenting.
I disagree with the reversal as to the charge under section 794.011(4)(a), Florida Statutes (1991). Judge Stone's conclusion that, in using the words "physically helpless to resist," the legislature may have meant to include circumstances akin to those here, in which the victim is, by reason of bodily orientation, deprived of the opportunity, rather than the ability, to sense or anticipate the commencement of the act and hence communicate her prior lack of consent, is certainly a plausible reading of the statutory words.
The problem, as I see it, is that the statutory text is equally capable of being limited to that recognizable state of unconscious, physical and nervous inactivity characterized by a lessened responsiveness to external stimuli  i.e., conditions such as sleep, paralysis, stupor, coma or trance  in which communication is usually thought to be impossible, rather than merely avoided or delayed. Under this additional meaning, the legislature intended that there be a lack of present physical awareness of external stimuli to which one is then and there capable of responding in some way. In this sense, "physically helpless to resist" connotes the present inability to initiate voluntary movement of one's own muscle systems. Where the one meaning is just as plausible as the other, we are obliged by section 775.021(1), Florida Statutes (1991), to adopt that construction which favors the accused, not the one adopted by Judge Stone which favors the State.
I agree with his analysis of the charge under section 794.011(5), Florida Statutes (1991), and therefore concur in the reversal as to it only.

ON MOTION FOR REHEARING
PER CURIAM.
Appellee's motion for rehearing is denied. However, our opinion of January 13, 1993 is modified to add the following provision as a final paragraph.
We certify the following question to the supreme court:
MAY A DEFENDANT BE CONVICTED UNDER SECTION 794.011(4)(a), FLORIDA STATUTES, WHERE THE FACTUAL BASIS FOR CONCLUDING THAT THE VICTIM WAS UNABLE TO COMMUNICATE AN UNWILLINGNESS TO PARTICIPATE IN THE SEXUAL ACT WAS THE VICTIM'S INABILITY, BY VIRTUE OF THE CIRCUMSTANCES, TO OBSERVE THE DEFENDANT'S CONDUCT UNTIL THE ACT WAS COMPLETED?
DELL, STONE and FARMER, JJ., concur.