615 So.2d 691 (1993)
Lonnie Christopher FAWCETT, Petitioner,
v.
STATE of Florida, Respondent.
No. 79752.
Supreme Court of Florida.
March 25, 1993.
James B. Gibson, Public Defender and Brynn Newton, Asst. Public Defender, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for respondent.
*692 PER CURIAM.
We have for review Fawcett v. State, 595 So.2d 1105 (Fla. 5th DCA 1992), which certified the following questions of great public importance:
When a charging document in charging a specified offense includes additional language sufficient to also charge a permissive (Category 2) lesser offense is the accused thereby placed in jeopardy as to a conviction of the permissive (Category 2) lesser offense?
If a charging document is sufficient to allege a permissive (Category 2) lesser offense and the defendant is thereby put in jeopardy of a conviction of that offense is the State entitled, over the objection of the defendant, to have the jury instructed as to the permissive (Category 2) lesser offense?
Id. at 1105. We find the first certified question irrelevant and moot in light of our disposition of the second question, and we thus decline to answer it. Based on State v. Johnson, 601 So.2d 219 (Fla. 1992), we answer the second question in the affirmative as qualified in Johnson and approve the decision below.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.