COPE, Judge.
T.Y. appeals an adjudicatory order entered in a juvenile delinquency proceeding. We affirm in part and reverse in part.
The State filed a petition for delinquency against T.Y. charging one count of robbery. After an adjudicatory hearing, the trial court acquitted T.Y. of the charge of robbery, but found that the child had committed both the necessarily lesser included offense of petit theft and the permissive lesser included offense of assault. The child has appealed, arguing that where the petition only charges a single crime, she cannot be convicted of more than one lesser included offense.
We conclude that the text of Florida Rule of Juvenile Procedure 8.110®[1] resolves the question under the circumstances of this case and requires a ruling in T.Y.’s favor. That rule states, “If in a petition the offense alleged necessarily includes lesser offenses the *772 court may find the child committed such a lesser offense.” Construing the comparable language of section 924.34, Florida Statutes (1985),[2] in Gould v. State, 577 So.2d 1302 (Fla.1991), the supreme court held that the phrase “offense necessarily included in the offense charged” refers only to a necessarily lesser included offense, not a permissive lesser included offense. Id. at 1304-05.
We are obliged to construe Rule 8.110(j) consistent with the reasoning of Gould. We conclude, therefore, that Rule 8.110(j) authorizes the trial court in a juvenile delinquency case to find a child guilty of a necessarily lesser included offense but not a permissive lesser included offense. Compare Fla.R.Juv.P. 8.110(j) (referring to necessarily included offense) and Fla.R.Crim.P. 3.620 (same) with Fla.R.Crim.P. 3.510(b) (referring to necessarily included offense or lesser included offense of the charged offense which is supported by the evidence).
Both parties argue that this court has construed Rule 8.110(3) 1° the contrary in dictum in G.C. v. State, 560 So.2d 1186, 1190-91 n. 4 (Fla. 3d DCA 1990), approved, 572 So.2d 1380 (Fla.1991). We do not think that the analysis of Rule 8.110(j) in dictum in footnote four in G.C., 560 So.2d at 1190-91 n. 4, survives Gould any more than this court’s accompanying construction of section 924.34 in G.C., id. at 1190, survives Gould.
The trial court in the present ease had the authority to find that T.Y. had committed the necessarily lesser included offense of petit theft, but not the permissive lesser included offense of assault. The adjudication of petit theft is affirmed, and the adjudication of assault is reversed.
Affirmed in part and reversed in part.

. This rule was previously numbered as Rule 8.190Q). See Petition of The Florida Bar To Amend the Florida Rules of Juvenile Procedure, 589 So.2d 818, 832 (Fla.1991).

. That statute states: "When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.” Id. (emphasis added).