FULMER, Judge.
L.F. appeals his adjudication of delinquency for criminal mischief and trespass in a conveyance. We affirm the criminal mischief adjudication without discussion. We reverse the trespass adjudication because the delinquency petition failed to allege all the essential elements of this offense.
The state filed a delinquency petition charging L.F. with one count of criminal mischief, in violation of section 806.13(l)(b)3, Florida Statutes (1993), one count of obstructing or opposing an officer without violence, in violation of section 843.02, Florida Statutes (1993), and one count of grand theft of a motor vehicle, in violation of section 812.014(2)(c)4, Florida Statutes (1993). After a bench trial, the trial court found L.F. guilty, as charged, of criminal mischief and obstructing or opposing an officer without violence. As to the grand theft charge, the trial court found L.F. guilty of the lesser included offense of trespass in a conveyance, in violation of section 810.08(1), Florida Statutes (1993). Trespass in a conveyance is not a necessarily lesser included offense of grand theft of a motor vehicle. However, it may be a permissive lesser included offense if the elements are alleged in the accusatory pleading and supported by the evidence adduced at trial. Jones v. State, 666 So.2d 960 (Fla. 3d DCA 1996).
The defendant asserts, and the state concedes, that the adjudication on this count must be reversed because the delinquency petition fails to allege all the statutory elements of trespass in a conveyance. In particular, the petition fails to allege that L.F. *841 willfully entered or remained in the motor vehicle. Therefore, notwithstanding the fact that the evidence presented at trial supported the trial court’s determination that L.F. committed the offense of trespass in a conveyance, we must reverse with directions that the adjudication of delinquency on this count be vacated. See I.T. v. State, 694 So.2d 720 (Fla. May 9, 1997).
We recognize that our decision in this case implicitly conflicts with the holding in T.Y. v. State, 660 So.2d 771 (Fla. 3d DCA 1995), that Florida Rule of Juvenile Procedure 8.110(j) authorizes the trial court to find a child guilty of a necessarily lesser included offense, but not a permissive lesser included offense. However, the Third District based its construction of rule 8.110® on the supreme court’s construction of similar language in section 924.34, Florida Statutes, in Gould v. State, 577 So.2d 1302 (Fla.1991). The supreme court receded from Gould in I.T., 694 So.2d at 722, and held that section 924.34 encompasses both necessarily lesser included offenses as well as permissive lesser included offenses. Consistent with the reasoning of I.T., we conclude that rule 8.110® likewise encompasses both necessarily lesser included offenses and permissive lesser included offenses.
Affirmed in part, reversed in part with directions.
SCHOONOVER, AC.J., and BLUE, J„ concur.