COBB, J.
The appellant, Larry Lee Gregg, was convicted of an attempt to commit a lewd act upon a child. Since the information upon which he was tried alleged the completed act and did not separately allege the lesser included offense of attempt, Gregg contends on appeal that he was improperly convicted of a crime with which he was not charged. He argues that attempt has been classified by the Florida Supreme Court as a permissive lesser included offense, and since it was not specifically charged the jury should not have been allowed, over his objection, to consider the offense of “attempt.”
The trial court apparently focused on Florida Rule of Criminal Procedure 3.510, which does not require that the charging document allude to the elements of attempt. It provides:
On an indictment or information on which the defendant is to be tried for any offense the jury may convict the defendant of: (a) an attempt to commit the offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support the attempt and the only evidence proves a completed offense_
Gregg points out that the Florida Supreme Court in 1981 divided lesser included offenses into two categories, the first category covering “necessary” offenses and the second “permissive” ones— and expressly included all attempts in the second category. See Matter of Use by Trial Courts of Standard Jury Instructions, 431 So.2d 594 (Fla.1981).[1] Category 2 “permissive offenses” were defined by the court as those offenses “which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence.”
Gregg argues that the criminal information against him in the instant case specifically charges him with the commission of a completed lewd act against a minor but does not include the elements of any attempt to coiri-mit such an act. The statute defining an attempt, section 777.04(1), provides:
(1) A person who attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof, commits the offense of criminal attempt....
Therefore, contends Gregg, pursuant to the explicit definitional language of the Florida Supreme Court in regard to a Category 2 offense, his conviction of an uncharged crime cannot stand as a matter of due process. He cites to Cole v. Arkansas, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948); De Jonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. *160 278 (1937); and Ray v. State, 403 So.2d 956 (Fla.1981), for the proposition that he was denied notice of the specific charges against him.
The language of Rule 3.510 supports the state’s position in this case that the attempt instruction may be given if an attempt is supported by the evidence and in the absence of the specific attempt charge. Sub-part (a) of the rules states that a jury may convict the defendant of an attempt to commit the offense if an attempt is supported by the evidence. It further provides, in contradistinction to its pre-1981 version, that the judge may not give an attempt instruction if “there is no evidence to support the attempt and the only evidence proves a completed offense.” The negative implication of the requirement of evidence to support an attempt is that there is no requirement that the attempt be specifically pleaded.
Accordingly, although it is true that attempt can be classified as a permissive lesser included offense in the sense that there will not be an instruction on it if the evidence points only to a completed offense, it is unlike a Brown Category 4 offense because the instruction does not depend upon the language of the charging document. Regarding notice, Brown held that the statute mandating an attempt instruction in every case provided “the organic requirement that the accusatory pleading apprise the defendant of all offenses of which he may be convicted.” Today, Rule 3.510 provides notice that the attempt instruction will be given when there is evidence to support the charge.
We find no merit in the second issue raised on appeal by Gregg relating to the condition of probation imposed upon him that he make every reasonable effort to move to a different location. See Graham v. State, 658 So.2d 642 (Fla. 5th DCA 1995).
AFFIRMED.
GRIFFIN, C.J., concurs.
THOMPSON, J., dissents "with opinion.

. In this case the Florida Supremo Court consolidated the four categories of offenses it had previously delineated in Brown v. State, 206 So.2d 377, 381 (Fla.1968), i.e., (1) crimes divisible into degrees; (2) attempts to commit offenses; (3) offenses necessarily included in the offense charged; and (4) offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence.