745 So.2d 1149 (1999)
F.N., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3050.
District Court of Appeal of Florida, Fourth District.
December 22, 1999.
*1150 Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
A delinquency petition charged appellant with aggravated battery with a deadly weapon. The trial court found the defendant guilty of attempted aggravated battery with a deadly weapon. Appellant argues that the judge was without the power to find appellant guilty of an attempt because an attempt was neither charged in the delinquency petition nor supported by the evidence.
Florida Rule of Juvenile Procedure 8.110(j) provides that if the offense alleged in a petition "necessarily includes lesser offenses[,] the court may find the child committed such a lesser offense." Rule 8.110(j) "encompasses both necessarily lesser included offenses and permissive lesser included offenses." L.F. v. State, 694 So.2d 840, 841 (Fla. 2d DCA 1997). Attempts are a category of permissive lesser included offense. See State v. Barritt, 531 So.2d 338, 343 (Fla.1988) (Shaw, J., concurring); Gregg v. State, 724 So.2d 158, 159 (Fla. 5th DCA 1998), rev. denied, 735 So.2d 1285 (Fla.1999).
For attempts to commit offenses, Florida Rule of Criminal Procedure 3.510(a) provides that a defendant may be convicted of attempt "if such attempt is an offense and is supported by the evidence." Under Rule 3.510(a), there is no requirement for the attempt to be specifically pleaded in the charging document in order for the judge or jury to find the defendant guilty of an attempt to commit the crime charged. See Gregg, 724 So.2d at 160. The ability to find a defendant guilty of an attempt permits a factfinder to exercise its pardon power where there is evidence to support the attempt and the evidence does not prove only a completed offense. See Henry v. State, 445 So.2d 707, 708 (Fla. 4th DCA 1984) (holding that Rule 3.510 "precludes instructions on attempts where the only evidence proves a completed offense.").
We do not believe that the supreme court, in adopting Rule 8.110(j), intended *1151 that attempts to commit offenses be treated differently in juvenile cases than in criminal cases. We therefore read Rule 8.110(j) as giving the trial judge the same options for finding a defendant guilty of a lesser included offense as does Rule 3.510. This holding is consistent with the supreme court's interpretation of section 924.34, Florida Statutes (1995), in I.T. v. State, 694 So.2d 720 (Fla.1997). In that case, the supreme court recognized that Rule 3.510 adopted the treatment accorded attempts by section 919.16, Florida Statutes (1965), which allowed jurors to "convict the defendant of an attempt to commit [an offense charged by indictment or information], if such attempt [was] an offense." Id. at 723 n. 5.
On the remaining issues, we find that the evidence supports the trial court's finding of attempted aggravated battery. After an initial tussle with the victim, the defendant ran to the kitchen and grabbed two knives. The victim testified that the defendant threatened him, swore at him, and told him to get on the ground or he would kill him. The two men circled a dining room table. The defendant broke one knife against the wall. Still holding the larger knife, the defendant punched the victim in the jaw more than once. The victim stated that he did not think the defendant had cut him with a knife. A police officer observed "some scrapes or puncture wounds" on the left side of the victim's face behind his ear.
Finally, we find that section 985.23(3)(a), Florida Statutes (1999), did not require the trial court to make specific findings of its reasons for deciding to adjudicate the defendant to be delinquent. That subsection applies when a court determines "that the child should be adjudicated as having committed a delinquent act and should be committed to the [Department of Juvenile Justice]." Id. (emphasis supplied). In this case, the court placed the defendant on community control. Section 985.03(13), Florida Statutes (1999), defines "community control" as a legal status of probation "in lieu of commitment to the custody of the Department of Juvenile Justice." The defendant was thus not "committed" to the Department within the meaning of section 985.23(3)(a), so that statute is inapplicable in this case.
AFFIRMED.
POLEN, J., and McCARTHY, TIMOTHY P., Associate Judge, concur.