ALTENBERND, Judge,
Concurring.
I fully concur in the court’s opinion. I write to suggest that the legislature should consider enacting a statute that would reduce the need for the judiciary to perform a constitutional double jeopardy analysis in so many cases involving sexual misconduct.
Acrobatics aside, sexual misconduct has proven to be a topic that eludes satisfactory constitutional double jeopardy analysis in Florida. Inappropriate sexual activity is simply too varied and nuanced to allow the legislature to create a core offense and a simple structure of greater and lesser offenses. Sometimes this complexity has worked to the undeserved benefit of the defendant. See, e.g., Gould v. State, 577 So.2d 1302 (Fla.1991), receded from on other grounds, I.T. v. State, 694 So.2d 720, 724 (Fla.1997) (holding that the next lesser offense when sexual battery of a physically helpless victim is not established is misdemeanor battery). Other times, as described in Judge LaRose’s excellent opinion for the court, prosecutors have dissected a criminal episode of sexual misconduct into an unjustified collection of parts, charging each part as a serious felony.
Although a precise structure of greater and lesser offenses has eluded us, both the common law and the more recent legislative criminal codes have clearly viewed lewd and lascivious conduct as a crime that can be distinguished from sexual battery and one that is less serious than sexual battery. In earlier versions of chapter 800, for example, lewd and lascivious assault was an act committed “without committing the crime of sexual battery.” See § 800.04, Fla. Stat. (1991).
As the cases cited by the court’s opinion demonstrate, a standard Blockburger analysis is often an unsatisfactory method to resolve double jeopardy issues in cases of sexual misconduct because our sense of the separateness of these crimes or, alternatively, our sense that two or more offenses are inextricably intertwined conduct is not adequately explained by a difference in the English language description of the elements of these offenses. Indeed, even providing a definition of “single criminal episode” has been extremely difficult in these cases. The courts have repeatedly struggled with the limitations created by double jeopardy — as a constitutional question — because we do not have a statute that would allow the matter to be more simply resolved as a statutory question.
The legislature has previously created statutes that help the courts avoid the necessity of engaging in a constitutional analysis under similar circumstances. Section 794.005 was enacted in 1992 in an effort to provide at least limited guidance for double jeopardy issues. Ch. 92-135, § 2, at 1089, Laws of Fla. Concerning the crime of theft, we have long had a statutory provision limiting the courts’ power to impose more than one conviction for the *173 combination of the offenses of theft and dealing in stolen property. See § 812.025, Fla. Stat. (2010). This statute has allowed the courts to avoid most of the difficult constitutional double jeopardy issues that arise between these two interrelated crimes.
For purposes of discussion, I believe the case law on double jeopardy in cases of sexual misconduct could be simplified if chapter 800 contained a statute along the lines of the following:
800.01 Multiple Judgments and Sentences under chapter 794 and chapter 800.—
(1) Notwithstanding any other provision of the law, a single indictment or information may, under proper circumstances, charge multiple offenses under the provisions of chapter 794 and chapter 800. When the State presents sufficient evidence, a jury may be instructed and return a verdict on each charged offense. The court shall not enter a judgment or sentence for any offense when prohibited by double jeopardy.
(2) When two or more offenses are committed within the context of a single sexual encounter and the acts that constitute those offenses can reasonably be regarded as closely related or continuous parts of the single sexual encounter, at the sentencing hearing a trial court may exercise its discretion to enter judgments and sentences on fewer than all such offenses, provided that the court shall enter judgment and sentence on the offense that results in the longest sentence.
A statute of this sort would allow trial judges to avoid difficult constitutional issues and eliminate issues requiring appeal. Given that the longest sentence in the typical case creating these issues is often life without possibility of parole, and rarely less than thirty years’ incarceration, the statute would not cause defendants to receive short sentences. I am inclined to believe that the trial judge could exercise this discretion at the end of the case without being required to submit the issue of a “close relationship” for determination by the jury during the trial.