538 So.2d 515 (1989)
Lee Curtis DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2943.
District Court of Appeal of Florida, Second District.
February 9, 1989.
Ronald N. Toward, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
*516 DANAHY, Acting Chief Judge.
The appellant, Lee Curtis Davis, appeals his convictions and sentences for two counts of sexual battery on a physically helpless 13-year-old victim, violations of section 794.011, Florida Statutes (1985). He presents three issues. We are compelled to reverse on the first issue. Accordingly, we need not address the remaining points on appeal.
The facts can be simply summarized as follows. The appellant is the father of a physically handicapped daughter who has muscular dystrophy and is permanently confined to a wheelchair. She does not have the use of her legs but possesses strong arms from the use of her wheelchair and in all other ways is not handicapped. The charges against the appellant are based on an episode of vaginal and oral penetration of his daughter which occurred when they were alone together.
At trial, the victim testified that when her father took her into the bedroom and put her on the bed to begin the incident, she resisted by telling him that she did not want to do this and struck at him with her hands while calling out for help. Other witnesses for the state testified that, although the victim was physically handicapped in her lower body, she had no other problems regarding her thought processes or ability to communicate verbally. When the state rested its case, the appellant unsuccessfully moved for a judgment of acquittal based upon the legal argument which he again presents on appeal. When his motion for acquittal was denied, the appellant presented no other defense and rested his case. After closing argument, the jury convicted him as charged  two counts of sexual battery on a physically helpless victim.
The appellant contends that one of the elements of the crimes charged is that the victim be physically helpless to resist. § 794.011(4)(a), Fla. Stat. (1985), and Fla.Std. Jury Instr. (Crim.) (Sexual Offenses). The definition of "physically helpless" is "that a person is unconscious, asleep, or for any other reason physically unable to communicate unwillingness to an act." § 794.011(1)(e), Fla. Stat. (1985). The state's uncontroverted evidence showed that the victim was neither unconscious, asleep, nor physically unable to communicate in any other way her unwillingness to engage in the act. Therefore, the appellant's argument continues, the state failed to prove one of the necessary elements of the charge, thus entitling the appellant to a judgment of acquittal on this variety of sexual battery charge.
The appellant is correct. We are not persuaded by the state's argument that this victim was unable to communicate her unwillingness to engage in the act (therefore physically helpless to resist) because she could not jump up and escape her attacker. The plain language chosen by the legislature to proscribe this specific category of sexual battery does not permit the construction urged by the state. "When the language of a penal statute is clear, plain and without ambiguity, effect must be given to it accordingly." Graham v. State, 472 So.2d 464 (Fla. 1985). The legislative requirement that the victim be physically unable to communicate her unwillingness was completely unproven in this case  in fact, the contrary was undisputedly shown by the state's own evidence. The evidence showed only that the victim was able to, and did, physically communicate her unwillingness by telling the appellant to stop and hitting him while screaming for help.
The state's failure to prove an essential element of this particular gradation of sexual battery required the trial judge to grant the appellant's motion for judgment of acquittal. The court's failure to do so requires us to reverse the appellant's convictions.
Reversed and remanded with instructions to grant the appellant's motion for judgment of acquittal of the counts in violation of section 794.011(4)(a).
LEHAN and PATTERSON, JJ., concur.