ALTENBERND, Judge.
The defendant appeals his convictions and sentences for two counts of sexual battery upon a victim twelve years of age or older, with the use of physical force and violence not likely to cause serious personal injury. § 794.011(5), Fla.Stat. (1985). The trial court convicted him of these offenses on remand after this court had vacated the defendant’s convictions for two counts of sexual battery upon a victim who was “physically helpless” to resist. §§ 794.011(4)(a), .011(l)(e), Fla.Stat. (1985). See Davis v. State, 538 So.2d 515 (Fla.2d DCA), review denied, 544 So.2d 201 (Fla.1989).[1] The defendant contends that the trial court erred in convicting him of these offenses because they are not lesser-degree offenses or necessarily lesser-included offenses of sexual battery upon a victim physically helpless to resist. § 924.33, Fla. Stat. (1985). Because this court has previously decided the same issue adversely to the defendant, see Gould v. State, 558 So.2d 481 (Fla.2d DCA), cert. accepted, 564 So.2d 487 (Fla.1990), we affirm his convictions for the same reasons as stated in Gould.
The defendant also contends that the trial court erred in extending his term of imprisonment under the habitual offender statute because the trial judge did not make specific findings of fact regarding the protection of the public. § 775.084(3), Fla.Stat. (1985). The record, however, establishes that the trial court specifically found that it was necessary to extend the defendant’s sentences for the protection of the public. Its findings are well supported by the testimony at the sentencing hearing and the testimony at trial. At the sentencing hearing, the state presented testimony establishing the defendant’s numerous pri- or felony and misdemeanor convictions. At least one of the felony convictions occurred within five years of the defendant’s commission of his present offense. In this case, the defendant’s atrocious crimes upon his own thirteen-year-old, wheelchair-bound daughter establish by a preponderance of the evidence, and perhaps beyond a reasonable doubt, that his sentences are necessary for the protection of the public. We affirm the defendant’s extended sentences.
Affirmed.
LEHAN, A.C.J., and PATTERSON, J., concur.

. After our decision in Davis, the legislature made it a first-degree felony to commit a sexual battery upon any person who is "physically incapacitated.” § 794.0ll(5)(f), Fla.Stat. (1989) (corresponding to Ch. 89-216, § 1, Laws of Fla.). The legislature also statutorily defined "physically incapacited” to mean “bodily impaired or handicapped and substantially limited in his or her ability to resist or flee an act." § 794.011(l)(j), Fla.Stat. (1989) (corresponding to Ch. 89-216, § 1, Laws of Fla.).