616 So.2d 1036 (1993)
Harry BULLINGTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2722.
District Court of Appeal of Florida, Third District.
March 16, 1993.
*1037 F. Lee Bailey and David M. Schultz, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and GERSTEN, JJ.
FERGUSON, Judge.
Harry Bullington appeals his convictions for the following offenses: count I: sexual battery upon a person twelve years of age or older while helpless to resist; count II: conspiracy to commit anal sexual battery; and count III: conspiracy to commit oral sexual battery on S.E.M. He contends that insufficient evidence was presented to support the convictions and that the fifty-year departure sentence imposed by the judge was illegal. We reverse.
S.E.M. was a fifteen-year-old runaway when she met Steve Lackey, the defendant's stepson. S.E.M. had been smoking crack cocaine before she first met Lackey at an entertainment center in Tampa, Florida. She went home with Lackey, drank beer, smoked marijuana, and had sexual intercourse. Days later, she met the defendant *1038 and accepted his invitation to accompany him, Lackey, and several other men and women to Key West. S.E.M. led everyone to believe she was nineteen. Upon arrival in Key West, S.E.M. asked Lackey to buy restraints for use during sexual intercourse, explaining that she liked to be tied down as it was the only way she could "get off." It is undisputed that S.E.M. then engaged in sex with Lackey on several occasions where she was restrained and that S.E.M. also engaged in consensual group sex with another couple where restraints were used on S.E.M.
On the day of the incident for which Bullington was convicted, S.E.M. and the others in Bullington's party consumed a large quantity of cocaine. S.E.M. told one of the women at the party that she wanted to try sex with another woman. The women removed their clothes, restraints were put on S.E.M.'s hands, and what can be described as an orgy ensued. At no time did S.E.M. indicate that she did not want to participate. The next morning, the defendant learned that S.E.M. was only fifteen. Over S.E.M.'s protest, Bullington ordered S.E.M. to leave and had Lackey deliver her money to buy a plane ticket to Orlando.
Count I charged the defendant with committing sexual battery upon a person 12 years of age or older, without that person's consent, while the victim was physically helpless to resist, in violation of section 794.011(4)(a), Florida Statutes (1989). We agree with the appellant that the evidence presented was insufficient to support a conviction under that section because the State failed to prove lack of consent.
Consent may be actual or implied. Ralston v. State, 350 So.2d 791 (Fla. 3d DCA 1977), cert. denied, 364 So.2d 890 (Fla. 1978). The evidence in this case was generally uncontroverted that S.E.M. initially agreed to participate in a group sex act, and that if she ever withdrew her consent to participate in specific sexual acts, she never communicated a withdrawal of that consent. At trial, Lackey, a State witness who was not involved in the sexual episode but was a witness to it, testified that everything was done with S.E.M.'s consent. Another State witness, Teresa Smith, concurred that S.E.M. did not object to what was going on. S.E.M. admitted that Harry Bullington never forced her to do anything, and none of the evidence presented suggested that she was an unwilling participant.
Under the statute specified in the information, the State was required to prove that S.E.M. was "physically helpless to resist." Section 794.011(4)(e) defines a "physically helpless" person as one who is "unconscious, asleep, or for any other reason physically unable to communicate unwillingness to an act." Aside from the fact that S.E.M.'s hands were tied for sex acts by agreement, she was able to communicate orally and had full use of her legs. She was, therefore, free to articulate an objection or to use her legs to indicate any lack of desire to continue the sexual acts. The restraints on her hands did not render her physically helpless to resist. See Davis v. State, 538 So.2d 515 (Fla. 2d DCA) (crime of sexual battery of physically helpless victim requires proof that victim is physically unable to communicate unwillingness to act), rev. denied, 544 So.2d 201 (Fla. 1989).
The State argues that the statutory requirement for physically helpless was satisfied with S.E.M.'s testimony at trial that she "passed out" for a period of time during the sexual episode. She was, however, unable to remember how long she was unconscious during the extended sexual encounter. Nor did the State present evidence that anyone violated S.E.M., as charged in the information, during a period of unconsciousness. On the facts of this case, which showed that S.E.M. was initially a willing participant in the carnal revelry, her testimony that she subsequently passed out for an indeterminate period is an insufficient basis to support a finding that the victim was physically helpless to resist. See Norman v. State, 555 So.2d 1316 (Fla. 5th DCA 1990) (where victim was able to communicate unwillingness prior to and during sexual battery, she was not physically helpless to resist).
In response to the State's argument that S.E.M. was rendered physically helpless by *1039 a voluntary consumption of cocaine, a review of the record reveals that the State offered no evidence to show that the use of cocaine caused the loss of an ability to communicate a disapproval of any of the sexual acts.
The conspiracy convictions must also be reversed. A conspiracy charge focuses primarily on the intent of the defendant. It must be shown not only that the defendant intended to combine with another, but that they combined to achieve a particular act which is criminal. W. LaFave, A. Scott, Substantive Criminal Law § 6.4, at 76 (1986); Lavette v. State, 442 So.2d 265 (Fla. 1st DCA 1983), rev. denied, 449 So.2d 265 (Fla. 1984). No evidence was presented showing that the defendant intended to perform a sexual battery on S.E.M. without her consent. Although the law of conspiracy contemplates that there may be a conspiracy to commit a sexual battery on an unconsenting person, notwithstanding the fact that the crime was impossible to commit because the person consented, see United States v. Thomas, 13 U.S.C.M.A. 278, 32 C.M.R. 278 (1962), Jeffrey F. Ghent, Annotation, Impossibility of Consummation of Substantive Crime as Defense in Criminal Prosecution for Conspiracy or Attempt to Commit Crime, 37 A.L.R.3d 375 (1971), here the evidence did not suggest the presence of the requisite mental state to achieve an illegal objective. See, e.g., State v. Burkett, 344 So.2d 868 (Fla. 2d DCA 1977) (gravamen of criminal conspiracy is criminal intent to commit substantive offense).
This prosecution was doomed by the faulty charging document. According to the information the State had the burden to prove beyond a reasonable doubt that the victim did not consent and was physically helpless to resist. It failed in that burden. On the facts of this case, the State should have charged the defendant with a violation of section 800.04, Florida Statutes (1989), entitled "lewd, lascivious, or indecent assault or act upon or in presence of child; sexual battery." Under section 800.04, neither the victim's consent nor the defendant's belief that the victim is sixteen or older is a defense to the crime charged. See Green v. State, 580 So.2d 321 (Fla. 1st DCA 1991); Hicks v. State, 561 So.2d 1284 (Fla. 2d DCA), rev. denied, 574 So.2d 141 (Fla. 1990); State v. Sorakrai, 543 So.2d 294 (Fla. 2d DCA 1989). On agreement of counsel, the trial court instructed the jury that section 800.04 is a lesser included offense of section 794.011(4). But the lesser offense was not necessarily included.
Under Gould v. State, 577 So.2d 1302 (Fla. 1991), we are precluded from remanding with directions to convict under a lesser charge unless the lesser charge is a necessarily included lesser offense. See West v. State, 585 So.2d 439 (Fla. 4th DCA 1991). Section 800.04 is not a necessarily included lesser offense of sexual battery because section 800.04, unlike section 794.011, requires that the victim be under the age of sixteen. Neither is the lesser included charge of simple battery, as defined in section 784.03, Florida Statutes (1991), applicable to this case because it requires that the touching be against the will of the victim.
For the sound legal reasons expressed above, the convictions on counts I, II and III must be reversed. Appellant does not challenge his convictions under counts IV and V, charging conspiracy to deliver cocaine and delivery of cocaine. Those convictions, therefore, are affirmed.
Affirmed in part; reversed in part.
HUBBART, J. concurs.
GERSTEN, J., dissents in opinion accompanying case no. 90-2182, 616 So.2d 1017.