760 So.2d 1072 (2000)
Stephen J. SOUKUP, Appellant,
v.
STATE of Florida, Appellee.
No. 5D98-3431.
District Court of Appeal of Florida, Fifth District.
June 23, 2000.
Daniel S. Ciener and David J. Romett of the Law Firm of Daniel S. Ciener, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
*1073 PER CURIAM.
Stephen J. Soukup timely appeals the trial court's order adjudicating him guilty of one count of sexual battery of a physically incapacitated person[1], two counts of lewd, lascivious or indecent acts in the presence of a child[2], one count of a lewd, lascivious or indecent act upon a child[3], and four counts of permitting an alcoholic beverage to be served to a minor[4]. We have jurisdiction.[5] We affirm in part and reverse in part.
Soukup raises several points on appeal, only one of which merits comment. He contends that the evidence adduced below was insufficient to sustain a conviction as to sexual battery on a physically incapacitated person, as proscribed by section 794.011(4)(f), Florida Statutes, and as such his motion for judgment of acquittal on that count was improperly denied. That section states:
(4) A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, under any of the following circumstances, commits a felony of the first degree, punishable as provided in §§ 775.082, 775.083, or 775.08:
* * * * *
(f) When the victim is physically incapacitated.
§ 794.011(4)(f), Fla. Stat. (1995). Soukup suggests that the victim of this alleged crime consented to the alleged sexual battery and that the alleged victim was not physically incapacitated within the meaning of the statute when the alleged sexual battery took place. We agree with both arguments.
The sixteen year-old victim and three friends had obtained the business card of a stripperwho turned out to be Soukup and one of the friends, another victim in this case, spoke with Soukup several times on the phone before the events which led to this appeal occurred. On the night in question, wanting a stripper to help them celebrate a birthday, the friend called Soukup and asked if they could get together with him. The four young women and Soukup drove to a home of an acquaintance of Soukup's for whom he was house sitting.
The testimony varied as to the amount each individual had to drink at the home, but the evidence showed that Soukup had provided the young women with various types of alcohol. The victim of the alleged sexual battery on a physically incapacitated person testified that she drank four or five shots of a strong liquor prepared by Soukup, along with some champagne. She then danced with Soukup and another girl, implored him to strip for them, and then proceeded to take her own clothes off and help Soukup remove his.
The victim and the other girl dancing with Soukup then ended up on the floor with Soukup, and some of the convictions on appeal arose from the lewd conduct which took place on the floor. The victim and Soukup then moved over to a couch in the home, where the victim began performing oral sex on Soukup. None of the witnesses to the victim's conduct described her conduct as anything other than consensual. Cf. Bullington v. State, 616 So.2d 1036, 1038 (Fla. 3d DCA 1993)(holding that consent may be actual or implied). For her part, the victim said she was numb at the time and not thinking straight.
The elements of this crime pursuant to this statute under the facts of this case are: i) the victim was twelve or older; ii) Soukup's sexual organ had union with the mouth and/or tongue of the victim; iii) without the victim's consent; and iv) the *1074 victim was physically incapacitated. Cf. Fla. Std. Jury Ins. 171. The statute defines "physically incapacitated" as meaning "that a person is bodily impaired or handicapped and substantially limited in his or her ability to resist or flee an act." § 794.011(1)(j), Fla. Stat. (1995).
The first two elements are clearly met. As to the third element of consent, it is defined as meaning "intelligent, knowing, and voluntary consent and shall not be construed to include coerced submission. `Consent' shall not be deemed or construed to mean the failure by the alleged victim to offer physical resistance to the offender." § 794.011(1)(a), Fla. Stat. (1995). As the state points out, evidence of the victim's resistance is no longer needed in order to prove lack of consent. See Hufham v. State, 400 So.2d 133 (Fla. 5th DCA 1981). The problem for the state, however, is that the alleged victim here did not just "no': resist"the evidence, including the testimony of the other young women, indicates that she was a willing participant in the alleged criminal conduct. The state has the burden of proving lack of consent beyond a reasonable doubt. See Bullington, 616 So.2d at 1039. "In order to reverse under the correct standard of review, this court must find that after viewing any conflicting evidence in the light most favorable to the jury's verdict, there is no substantial, competent evidence to support the verdict in this case." Coley v. State, 616 So.2d 1017, 1028 (Fla. 3d DCA 1993)(Gersten, J., concurring in part and dissenting in part)(citing Heiney v. State, 447 So.2d 210, 212 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Perez v. State, 479 So.2d 266 (Fla. 5th DCA 1985)). Because there is a dearth of evidence of the victim's nonconsent, there is no substantial, competent evidence to support the verdict. Cf. Bullington, 616 So.2d at 1038. Because the state failed to prove that the victim did not consent, we must refuse the state's invitation to order the entry of judgment of sexual battery without serious injury, per section 794.011(5), Florida Statutes (1995).
The fourth element which the state had the burden of proving is the physical incapacitation of the victim. Section 794.011(4)(f), Florida Statutes, was specifically drafted to protect those who are physically handicapped, see Davis v. State, 567 So.2d 25 n. 1 (Fla. 2d DCA 1990), quashed on other grounds, 581 So.2d 586 (Fla.1991), and as such this element has not been proven because there was no evidence indicating she was physically handicapped. The young woman's drunken state does not rise to the level of incapacitation contemplated by section 794.011(4)(f).
Accordingly, the judgment of conviction and sentence for sexual battery of an incapacitated person are reversed.
JUDGMENT and SENTENCE REVERSED.
THOMPSON, C.J., HARRIS and PETERSON, JJ., concur.
NOTES
[1] § 794.011(4)(f), Fla. Stat. (1995).
[2] § 800.04(4), Fla. Stat. (1995).
[3] § 800.04(1), Fla. Stat. (1995).
[4] § 562.11(1)(a), Fla. Stat. (1995). Soukup does not challenge these convictions.
[5] Fla.R.App.Pro. 9.030(b)(1)(A).