985 So.2d 669 (2008)
Denea ACEVEDO, Appellant,
v.
Lajuanna M. WILLIAMS, as Natural Guardian of Jaquinta Wiggins, a Minor, Appellee.
No. 1D08-0370.
District Court of Appeal of Florida, First District.
June 30, 2008.
Therese Misita Truelove, Gainesville and Shelbi D. Day, St. Petersburg, for Appellant.
Lajuanna M. Williams, pro se, Appellee.
BENTON, J.
Eighteen-year-old Denea Acevedo appeals an injunction, entered at seventeen-year-old Jaquinta Wiggins's mother's behest, forbidding contact between Denea and Jaquinta, on the purported authority of section 784.046, Florida Statutes (2007). The trial court premised the injunction on its legal conclusion that, if an 18-year-old and a 17-year-old have "been together in an intimate way," the 18-year-old has committed sexual battery as a matter of law, and has, therefore, perpetrated "sexual violence," which section 784.046 specifies as grounds for an injunction. We reverse.
There is no dispute that Denea and Jaquinta began dating when they were 17 and 16 years old, respectively, and are in what the trial court called a "long-term dating relationship." Insofar as pertinent here, section 784.046 authorizes an injunction for protection in cases of dating violence, and permits any person who is a victim of such violence (or his or her parent or legal guardian if the victim is a minor living at home) to file a petition for such an injunction whenever there is reasonable cause to believe the petitioner (or *670 the petitioner's child or ward) is in imminent danger of suffering dating violence. § 784.046(2)(b), Fla. Stat. (2007). The statute defines "dating violence" as "violence between individuals who have or have had a continuing and significant relationship of a romantic or intimate nature." § 784.046(1)(d), Fla. Stat. (2007).
"Violence," in turn, is defined to mean "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person." § 784.046(1)(a), Fla. Stat. (2007). The record is devoid of any evidence of assault, aggravated assault, battery, aggravated battery, sexual assault, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person. But the trial court concluded that, because she was not yet eighteen, Jaquinta lacked legal capacity to consent so that, as a legal matter, Denea had been sexually battering Jaquinta in violation of section 794.011(5), Florida Statutes (2007), and issued the injunction on that basis.[1]
We review the trial court's legal conclusions de novo. See Smith v. Coalition to Reduce Class Size, 827 So.2d 959, 961 (Fla. 2002). Section 794.011(5), Florida Statutes (2007), provides that "[a] person who commits sexual battery upon a person 12 years *671 of age or older, without that person's consent, and in the process thereof does not use physical force and violence likely to cause serious personal injury commits a felony of the second degree...." Unlike subsections (2)(a) and (b) of section 794.011, which prohibit sexual battery upon a child under age twelve and make no reference to consent,[2] subpart (5) requires proof that the victim did not consent to the sexual activity. See Corner v. State, 868 So.2d 553, 557 (Fla. 3d DCA 2004) (observing that a "standard sexual assault case under § 794.011(5) ... generally hinges on whether or not the victim consented"); McIlwain v. State, 402 So.2d 1194, 1197 (Fla. 5th DCA 1981) (affirming conviction under section 794.011(4), Florida Statutes (1977), on grounds 17-year-old victim had not consented). See also Soukup v. State, 760 So.2d 1072, 1074 (Fla. 5th DCA 2000) (declining to order entry of judgment under section 794.011(5) where state failed to prove 16-year-old victim did not consent).
As far as the record reveals, Jaquinta knowingly and voluntarily consented to the relationship with Denea. See § 794.011(1)(a), Fla. Stat. (2007). Jaquinta's age did not preclude her legally consenting to a sexual relationship with an 18-year-old. Neither sections 794.05 nor 800.04, Florida Statutes (2007), apply in the present case. The trial court erred in concluding that the relationship involved sexual battery. The record contains no evidence upon which the trial court could have concluded that Jaquinta is a victim of any sort of dating violence as defined in section 784.046, Florida Statutes (2007). Accordingly, the trial court erred in entering the injunction for protection against dating violence.
Reversed.
BROWNING, C.J., and ALLEN, J., concur.
NOTES
[1] The trial court ruled: "I mean, I may be wrong but I think that the  until, effectively, I think until the legislature lowers the age of consent for sex, or that a  any District Court of Appeal or Florida Supreme Court says that a 16 or 17-year-old has the right to consent, that they don't have the ability to consent. They don't have the ability to consent."

The Legislature has distinguished between 16- and 17-year-olds, on the one hand, and younger children, on the other. See § 794.05(1), Fla. Stat. (2007) ("A person 24 years of age or older [not merely 18, like Denea] who engages in sexual activity with a person 16 or 17 years of age commits a felony of the second degree. . . ."). See also § 800.04, Fla. Stat. (2007) ("Lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age.").
The version of section 794.05 at issue in B.B. v. State, 659 So.2d 256, 257, 260 (Fla. 1995) (holding statutory rape statute could not constitutionally apply in case of 16-year-old lovers), provided: "Any person who has unlawful carnal intercourse with any unmarried person, of previous chaste character, who at the time of such intercourse is under the age of 18 years, shall be guilty of a felony of the second degree. . . ." § 794.05(1), Fla. Stat. (1991). Section 794.05 was amended in 1996 so that only persons over the age of twenty-four, instead of "any person," could be guilty of violating the statute. See Ch. 96-409, § 1, at 2937, Laws of Fla.
Appellate courts have also acknowledged the capacity of 16- and 17-year-olds to consent to sexual intercourse. "The sexual battery statute . . . requires proof by the State . . . that the [17-year-old] victim did not consent to the battery." McIlwain v. State, 402 So.2d 1194, 1196 (Fla. 5th DCA 1981). See also Soukup v. State, 760 So.2d 1072, 1074 (Fla. 5th DCA 2000) (declining to order entry of judgment under section 794.011(5) where state failed to prove 16-year-old victim did not consent). Our supreme court has left little doubt as to its views on whether 16- or 17-year-olds have the capacity to consent to sexual intercourse, stating in a case earlier this year:
Section 794.011, Florida Statutes (2002), the sexual battery statute, reflects that the presumption of incapacity to consent ends at age eleven. Subsections (3), (4), and (5) define sexual batteries involving victims twelve or older. To constitute sexual battery under those subsections, the State must prove the victim did not consent. This requirement recognizes that a person twelve or older has the ability to consent.
Khianthalat v. State, 974 So.2d 359, 362 (Fla. 2008). This "twelve or older" formulation represents a change from the view expressed in Schmitt v. State, 590 So.2d 404, 411 n. 10 (Fla.1991): "Obviously, [unmarried] minor children are legally incapable of consenting to a sexual act in most circumstances."
[2] The absence of any reference to consent in sections 794.011(2)(a) and (2)(b), Florida Statutes (2007), does not eliminate lack of consent as an element of the offense of sexual battery upon a child under twelve, but reflects an irrebuttable presumption that children under twelve cannot consent. See Khianthalat, 974 So.2d at 362.