[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13950

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80087-DMM-1

_____

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Mauricio Gonzalez appeals his convictions and concurrent 240-month sentences for receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count 2), and transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (Count 3).  First, with respect to Gonzalez's conviction on Count 3, he argues that the district court erred in determining that the predicate felony offense underlying Gonzalez's conviction for transportation of a minor with intent to engage in criminal sexual activity was an offense "for which any person can be charged."  Second, he argues that there was insufficient evidence to support a conviction for transportation of a minor with intent to engage in criminal sexual activity because the government did not prove that sexual activity was the dominant purpose of Gonzalez buying the flight for the minor, A.S., and her return journey fell under the "innocent round trip" exception.  Third, he argues that the indictment did not sufficiently allege the elements of transportation of a minor with intent to engage in criminal sexual activity when it did not identify the predicate state offense.  Fourth, he argues that there was insufficient evidence to support his Count 2 conviction for receipt of child pornography where the government did not prove knowing receipt and the explicit video did not involve the "use of" a minor.  Fifth, he argues that the district court erred in imposing a five-level enhancement under U.S.S.G. § 4B1.5

for a pattern of activity involving prohibited sexual conduct because Gonzalez was convicted of transporting A.S. one time and had a romantic relationship with her. Sixth, he argues that the district court erred when it imposed a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice based on a hearsay statement that Gonzalez attempted to hire his cellmate to murder A.S.

We address in turn each of Gonzalez's six arguments.

## I.    DISCUSSION

A. Was the predicate felony offense underlying Gonzalez's § 2423(a) conviction for transportation of a minor with intent to engage in criminal sexual activity an offense "for which any person can be charged?"

We review issues of statutory interpretation *de novo*. *United States v. Wilson*, 788 F.3d 1298, 1310 (11th Cir. 2015). When a defendant raises a statutory interpretation claim for the first time on appeal, we review for plain error. *Id.* To prevail on plain-error review, the defendant must show that there was (1) an error; (2) that is plain; (3) that affected the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1308-09. An error must be plain under controlling precedent or the "unequivocally clear" language of a statute or rule. *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014) (quotation marks omitted).

Section 2423(a) provides:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in prostitution, or in any sexual activity for which *any person* can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2423(a) (emphasis added). Under Florida law, "[a] person 24 years of age or older who engages in sexual activity with a person 16 or 17 years of age commits a felony of the second degree." Fla. Stat. § 794.05(1). "Section 794.05 was amended in 1996 so that only persons over the age of twenty-four, instead of 'any person,' could be guilty of violating the statute." *Acevedo v. Williams*, 985 So. 2d 669, 670 n.1 (Fla. Dist. Ct. App. 2008).

Gonzalez argues that § 2423(a) requires that the interstate or foreign transportation be "with intent that the individual engage . . . in any sexual activity for which *any person* can be charged with a criminal offense." He argues that Florida's § 794.05(1) cannot be such predicate offense because only persons 24 years or older can violate § 794.05(1). Thus, he argues, § 794.05(1) is not an offense with which any person—i.e. any and every person—can be charged. However, Gonzalez raises this argument for the first time on appeal. Therefore, we review only for plain error.

When interpreting a statute, we first look to whether the statutory language has a plain and unambiguous meaning. *Wilson*, 788 F.3d at 1310. If the statute's meaning is plain and unambiguous, there is no need for further inquiry, unless the reading would

lead to an absurd result. *Id.* We do not look at a word in isolation but look to the statutory context. *Id.* We have stated that the word "any" has an expansive meaning. *Id.* at 1311.

Here, the district court did not plainly err because there is no binding precedent or unequivocally clear statutory language in § 2423 indicating that the predicate state offense underlying the conviction for transportation of a minor, a violation of Fla. Stat. § 794.05(1), was not an offense for which "any person" can be charged under § 2423. The dictionary definition of "any" is "an unspecified number or quantity of a thing or things, no matter how much or how many; some." *Any*, Oxford English Dictionary Online, https://www.oed.com/view/Entry/8973 (last visited Apr. 4, 2023). So the word "any" could mean any one or some or all indiscriminately. In short, it is not unequivocally clear from the statutory language that § 794.05(1) is not an offense for which "any person" can be charged.

> B. Sufficiency of the evidence for the Count 3 conviction for transportation of a minor with intent to engage in criminal sexual activity

Gonzalez raises two challenges to the sufficiency of the evidence. First, he argues that sexual activity was not the dominant purpose of the transportation because she also wanted to come to the United States for her brother's honeymoon. Second, he argues that A.S.'s trip from the Bahamas to Miami (for which Gonzalez

paid) was an "innocent return trip" back to the United States for her brother's honeymoon.

We review *de novo* whether there was sufficient evidence to support a conviction. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). In reviewing the sufficiency of the evidence, we view the record in the light most favorable to the government, resolving all reasonable inferences in favor of the verdict. *Id.* The evidence is sufficient if a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.* at 1284-85. It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt. *United States v. Young*, 906 F.2d 615, 618 (11th Cir. 1990). The same standards apply when the district court acts as the trier of fact as in this case. *See United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010).

To prove a violation of 18 U.S.C. § 2423(a), the government must show: (1) the defendant knowingly transported the victim in interstate commerce, (2) the victim was under 18, and (3) the defendant intended to engage in criminal sexual activity with the minor. 18 U.S.C. § 2423(a). While the government need not prove that actual sexual activity took place to prove intent to engage in criminal sexual activity, a defendant's intent may be bolstered by evidence that he engaged in sexual activities with the minor after crossing state lines. *United States v. Hersh*, 297 F.3d 1233, 1245-47 (11th Cir. 2002).

Section 2423 is a provision of the Mann Act, a federal statutory scheme aimed at prohibiting transportation for criminal sexual activities. *See* 18 U.S.C. §§ 2421-2429. In *Mortensen v. United States*, the Supreme Court reversed the convictions of two people convicted under the Mann Act for transporting two girls across state lines. 322 U.S. 369, 370, 377 (1944). While the girls had worked as prostitutes before, they crossed state lines to take a vacation during which they did not engage in prostitution. *Id.* at 372, 374-75. The Court noted that the "dominant motive" of the transportation must be immoral and held that in that case, the "sole purpose" of the trip was "innocent recreation." *Id.* at 374-75. It also noted that the return journey to engage in prostitution did not change the innocent purpose of the trip and that the journey must be considered part of an "innocent round trip." *Id.* at 375. The Supreme Court later appeared to reaffirm the idea of an "innocent round trip" by reversing an Eighth Circuit decision without opinion citing *Mortensen*. *See Becker v. United States*, 348 U.S. 957 (1955), *rev'g*, 217 F.2d 555, 556-57 (8th Cir. 1954) (affirming a conviction where a woman traveled from Wisconsin to Minneapolis to see her family for Thanksgiving, intending to return to Wisconsin, and the defendant begged her to come back and paid the cost of her return trip).

We have "long declined to extend the doctrine of *Mortensen* beyond its facts." *United States v. Lebowitz*, 676 F.3d 1000, 1014 (11th Cir. 2012) (quotation marks omitted) (analyzing a conviction under § 2251(a)). We have held that "dual purposes are sufficient

8                    Opinion of the Court                21-13950

for a conviction, and [courts] need not concern [them]selves with whether the illegal purpose was dominant over other purposes." *Id.* (quotation marks omitted).

We have not applied the "innocent round trip" exception. Other courts of appeals have reversed § 2423(a) convictions where criminal sexual activity occurred before transportation and there was no evidence the defendant intended that the minor engage in criminal sexual activity after transportation. *See, e.g., United States v. Broxmeyer*, 616 F.3d 120, 129 (2d Cir. 2010) (persuasive authority).

Here, there was sufficient evidence to support Gonzalez's conviction on Count Three because sexual activity did not need to be the dominant purpose of A.S.'s trip and the "innocent round trip" exception did not apply because her trip did not have a solely innocent purpose. As to Gonzalez's argument about the dominant purpose, this Court does not require the illegal purpose to be the sole or even dominant purpose. *Lebowitz*, 676 F.3d at 1014. Therefore, it does not matter that A.S. may have also come to the U.S. for innocent reasons, such as her brother's honeymoon. Viewing the record in the light most favorable to the government, there was sufficient evidence to suggest one substantial purpose in transporting A.S. was to engage in sexual activity. *Jiminez*, 564 F.3d at 1284. Gonzalez asked A.S. to visit him in the U.S. and made sexual references. He tried to go to visit her but missed his flight, so she came to see him. Also, within 45 minutes of her arrival they had oral sex, which gives rise to a reasonable inference that Gonzalez

intended that she engage in sexual activity after traveling. *Hersh*, 297 F.3d at 1245-47 (intent to engage in sexual activity is bolstered by evidence they engaged in sexual activities after crossing state lines). In light of Gonzalez's communications with A.S. before the trip and the actual sexual activity upon her arrival, there was sufficient evidence that a substantial reason Gonzalez transported A.S. was to engage in sexual activity. His argument about the dominant purpose fails.

Gonzalez's argument that the "innocent round trip" exception applies also fails. This Court has declined to extend *Mortensen* beyond its facts. *Lebowitz*, 676 F.3d at 1014. Even assuming *arguendo* that this Court would apply *Mortensen*'s "innocent round trip" doctrine more broadly, this case is distinguishable from *Mortensen*. There, the defendants transported girls across state lines solely for a vacation, and they returned from that trip to engage in prostitution. *Mortensen*, 322 U.S. at 372, 374-75. By contrast, A.S.'s trip to the U.S. was not a round trip, as A.S. testified that she lived in the Bahamas and was only visiting the U.S. when she met Gonzalez. Thus when Gonzalez paid for her flight to the U.S., she was not returning. And, as discussed above, A.S.'s trip did not have a solely innocent purpose like the vacation in *Mortensen* because Gonzalez intended to have sex with her when she arrived. Because A.S. was not returning from a trip and part of the reason she traveled was to engage in sexual activity, Gonzalez's argument that she engaged in an "innocent round trip" fails as well.

Therefore, there was sufficient evidence to support a conviction under § 2423(a).

>    C.   Was there plain error because the indictment did not allege Fla. Stat. § 794.05(1) as the predicate crime underlying Gonzalez's conviction in Count 3 for transporting a minor with intent to engage in criminal sexual activity in violation of that predicate crime?

We usually review the sufficiency of an indictment *de novo*. *United States v. Pena*, 684 F.3d 1137, 1147 (11th Cir. 2012). But new challenges to an indictment's sufficiency are reviewed for plain error, which requires a showing that an error affected a defendant's substantial rights. *United States v. Reed*, 941 F.3d 1018, 1020-21 (11th Cir. 2019). To show an error affected substantial rights, the appellant must demonstrate a reasonable probability that, but for the error, the outcome of the proceeding would have been different. *Id.*

An indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely on a judgment under the indictment for double jeopardy purposes. *Pena*, 684 F.3d at 1147. A conviction cannot be upheld if the indictment did not set forth the essential elements of the offense. *Id.* If an indictment refers to the charging statute, the reference to the statutory language adequately informs the defendant of the charge. *Id.*

We have held that a state predicate offense was not a required element under a related statute, § 2422(b), so the jury was not required to unanimously agree which state statute the conduct would violate as long as it agreed that the conduct would violate one of the listed statutes. *United States v. Jockish*, 857 F.3d 1122, 1126-27, 1133 (11th Cir. 2017).

Gonzalez did not challenge the indictment on this ground in the district court. Therefore, our review is for plain error.

Even if it were error to not include the predicate state offense, it was not plain because there is no caselaw from the Supreme Court or this Circuit holding that an indictment must include it. *Aguilar-Ibarra*, 740 F.3d at 592. And even if the government needed to provide the state predicate offense in the indictment, Gonzalez cannot show that the error prejudiced him. The government filed a request for judicial notice of Fla. Stat. § 794.05 and later filed an exhibit list with that statute. Thus, Gonzalez had notice of the predicate offense. Therefore, the district court did not plainly err by finding the indictment was sufficient.

> D. Sufficiency of the evidence for the Count 2 conviction for knowing receipt of the sexually explicit video involving the use of a minor

Gonzalez raises two challenges to the sufficiency of the evidence for this conviction. First, he argues that there was insufficient evidence of his *knowing* receipt. Second, he argues that the statutory requirement that the production of the visual depiction

must involve the "use of a minor" implies that another person—not just the minor—must be involved in the production.

Section 2252(a)(2) subjects to liability any person who "*knowingly receives* . . . any visual depiction using any means or facility of interstate or foreign commerce" if "the producing of such visual depiction involves *the use of* a minor engaging in sexually explicit conduct." 18 U.S.C. § 2252(a)(2) (emphasis added). Section 2256 defines "sexually explicit conduct" as including sexual intercourse; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the anus, genitals, or pubic area. *Id.* § 2256(2)(A).

A person knowingly receives child pornography when he "intentionally views, acquires, or accepts child pornography on a computer from an outside source." *United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir. 2011). "Inadvertent receipt of child pornography is not a violation of the statute." *Id.* But the government need not prove that the defendant saved, edited, or otherwise exerted control over the visual depiction. *Id.*

Proof of an element of a crime may be established through circumstantial evidence or from inferences drawn from the conduct of an individual. *United States v. Utter*, 97 F.3d 509, 512 (11th Cir. 1996). When the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction. *United States v. Capers*, 708 F.3d 1286, 1297 (11th Cir. 2013). Evidence that a person sought out child pornography over the internet, and has a computer containing

child-pornography images, can count as circumstantial evidence that a person has knowingly received child pornography. *Pruitt*, 638 F.3d at 766-67.

Statutory interpretation begins with the plain language of the statute. *Wilson*, 788 F.3d at 1310. The statutory scheme does not define "use." *See* 18 U.S.C. § 2256. Without a statutory definition, we look to the common usage of words, including dictionary definitions, for their meaning. *United States v. Silvestri*, 409 F.3d 1311, 1333 (11th Cir. 2005). The plain meaning of a word must be viewed in the context of the entire text. *Wilson*, 788 F.3d at 1310. A statute should be construed so that no provision is superfluous. *Corley v. United States*, 556 U.S. 303, 314 (2009). Where Congress intends a narrow construction, it expresses that intent in the statutory language. *United States v. Smith*, 508 U.S. 223, 229 (1993) (noting the words "as a weapon" did not appear in 18 U.S.C. § 924(c)(1), so the statute punished any use of a firearm, not just when it was used as a weapon).

The noun "use" is defined as "the fact, state, or condition of being put to work, employed, or applied in this way." *Use*, Oxford English Dictionary Online, https://www.oed.com/view/Entry/220635 (last visited March 8, 2023); *see also Smith*, 508 U.S. at 229 ("to convert to one's service or to employ" (quotation marks and brackets omitted)).

There was sufficient evidence to convict Gonzalez on Count Two. First, there was sufficient evidence that Gonzalez knowingly received the video. Inadvertent receipt of child pornography is not

sufficient, but a defendant needs only to intentionally accept the images, not exert control over them. *Pruitt*, 638 F.3d at 766.

Here, viewing the evidence in the light most favorable to the government, there was circumstantial evidence that Gonzalez knowingly accepted the video of A.S. masturbating because he sought out images of A.S. and the masturbation video was sent to his phone. *Id.* at 766-67. Gonzalez requested "pussy shots" and images of "that ass" and followed up requesting "to see [A.S.'s] butt" through video or pictures. A.S. eventually sent Gonzalez a video of her masturbating, and he did not say he did not want the video. And he discussed viewing other sexual images of A.S., such as the movies they made together. Thus, this evidence supports a reasonable inference that his receipt of the video was not inadvertent.

Gonzalez argues that this evidence does not show receipt because his request for "pussy shots" occurred on September 6th, and he did not receive the video of A.S. masturbating until September 30th, weeks after his request. He also argues that he never acknowledged receiving the video because he messaged "I like it" and "[s]o wet" before A.S. sent the video. But he replied "[s]o wet" after the video was delivered, so this response supports a reasonable inference that he acknowledged the video. Whether or not A.S. sent the video based on Gonzalez's request, the evidence need not exclude every hypothesis of innocence, and it is reasonable to infer, based on Gonzalez's requests for images of A.S., that he did not

inadvertently receive the video of A.S. masturbating. *Young*, 906 F.2d at 618; *Capers*, 708 F.3d at 1297.

Second, there was sufficient evidence that the video involved the "use of" a minor. Because the statute does not define "use," this Court relies on the plain meaning of the term "use" in this context, which includes the fact, state or condition of being employed. *See* 18 U.S.C. § 2256; *Silvestri*, 409 F.3d at 1333; *Use*, Oxford English Dictionary Online. When read in context, "use of" a minor includes depictions showing only the minor because the definition of sexually explicit conduct includes activities involving only one person, such as masturbation. *See* 18 U.S.C. § 2256(2)(A). Also, contrary to Gonzalez's argument, the statutory language does not require that another person put the minor to work or employ the minor because if Congress had intended to prohibit only pornography created by another person, it could have added that language. *See Smith*, 508 U.S. at 229. Therefore, there was sufficient evidence that Gonzalez knowingly received the video and that the video involved the "use of" a minor.

> E. Did the district court err in imposing a five-level enhancement under U.S.S.G. § 4B1.5 because Gonzalez engaged in a pattern of activity involving prohibited sexual conduct?

We review factual findings for clear error and the application of the Guidelines to the facts *de novo*. *United States v. Dimitrovski*, 782 F.3d 622, 628 (11th Cir. 2015). The government must prove by a preponderance of the evidence that a sentencing

enhancement applies. *Id.* Sentencing courts may consider uncharged and acquitted conduct in determining the appropriate sentence. *United States v. Rushin*, 844 F.3d 933, 942 (11th Cir. 2016). We may affirm a sentencing enhancement for any reason supported by the record, even if not relied upon by the district court. *United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015).

A five-level sentence enhancement is required where the underlying offense is a sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct. U.S.S.G. § 4B1.5(b)(1). A pattern of activity involving prohibited sexual conduct exists if, on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor. *Id.*, comment. (n.4(B)(i)). The enhancement applies even when the prohibited sexual conduct involves the same minor victim. *United States v. Fox*, 926 F.3d 1275, 1279 (11th Cir. 2019). The underlying offense of conviction can constitute an occasion of prohibited sexual conduct. *Id.* at 1281. Prior instances of uncharged sexual conduct also can constitute an occasion of prohibited sexual conduct. *United States v. Rothenberg*, 610 F.3d 621, 625 n.5 (11th Cir. 2010).

The Guidelines define prohibited sexual conduct as:

(i) any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B); (ii) the production of child pornography; or (iii) trafficking in child pornography only if, prior to the commission of the instant offense of conviction, the defendant sustained a felony conviction for that

21-13950                Opinion of the Court                17

> trafficking in child pornography. It does not include
> receipt or possession of child pornography.

U.S.S.G. § 4B1.5(b), comment. (n.4(A)).  Section 2426(b)(1) defines a prior sex offense as an offense:

> (A) under this chapter [§§ 2421-2429], chapter 109A
> [§§ 2241-2248], chapter 110 [§§ 2251-2260], or section
> 1591; or

> (B) under State law for an offense consisting of con-
> duct that would have been an offense under a chapter
> referred to in subparagraph (A) if the conduct had oc-
> curred within the special maritime and territorial ju-
> risdiction of the United States

18 U.S.C. § 2426(b)(1) (section numbers added).

Section 2251 prohibits a person from using or persuading a minor to engage in sexually explicit conduct for the purpose of pro-ducing a visual depiction.  18 U.S.C. § 2251(a).  Section 2422(b) pro-hibits anyone from knowingly persuading or coercing an individual under 18 to engage in prostitution or criminal sexual activity.  *Id.* § 2422(b); *see United States v. Rutgerson*, 822 F.3d 1223, 1233 (11th Cir. 2016) (holding that offering to pay a child a sum of money to engage in sexual activity violates § 2422(b)).

Here, the district court did not err in imposing an enhance-ment for a pattern of activity involving prohibited sexual conduct

because Gonzalez paid A.S. for sex twice and produced child pornography of her.

> F.  Did the district court commit clear error when it imposed a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice based on a cellmate's hearsay statement that Gonzalez attempted to hire him to murder A.S.?

When reviewing the district court's imposition of an enhancement for obstruction of justice, we review the district court's factual findings for clear error. *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006). Under § 3C1.1, a defendant's offense level is increased by two levels if: (1) he willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to an investigation, prosecution, or sentencing of his instant offense; and (2) his obstructive conduct related to his offense of conviction and any relevant conduct or a closely related offense. U.S.S.G. § 3C1.1. Covered conduct includes "threatening the victim of the offense in an attempt to prevent the victim from reporting the conduct constituting the offense of conviction." *Id.*, comment. (n.4(K)).

At sentencing, the district court may only consider hearsay if "there are sufficient indicia of reliability to support its probable accuracy." *United States v. Baptiste*, 935 F.3d 1304, 1315 (11th Cir. 2019) (emphasis omitted). A hearsay statement is reliable when it is corroborated by other evidence in the record. *United States v. Ghertler*, 605 F.3d 1256, 1270 (11th Cir. 2010).

21-13950                Opinion of the Court                19

Gonzalez's challenge to this enhancement is that the hearsay evidence on which the district court relied was unreliable. We conclude that the district court did not clearly err in finding that the cellmate's hearsay testimony was reliable for purposes of applying the obstruction enhancement because it was corroborated by other evidence. *Ghertler*, 605 F.3d at 1270. Agent Trimino testified that the cellmate had been a reliable source in the past. Trimino also testified that the cellmate reported the information about the murder-for-hire plot three hours after Gonzalez was arrested. Trimino further testified that the cellmate did not receive any promises in exchange for his cooperation and only received money for a hotel because he was homeless at the time of the interview.

The audio recording presented by the government at sentencing also showed that the cellmate provided information that could be known only to Gonzalez and law enforcement. He provided correct phone numbers for Gonzalez's mother and sister and stated Gonzalez's mother lived near a taco stand. The cellmate also knew that A.S. walked near Gonzalez's mother's home, even though he incorrectly stated that A.S. lived in her own house. He also knew details about Gonzalez, such as his fear of removal to Costa Rica. He identified Gonzalez in a photo lineup even though he could not remember his name. Trimino also testified that the cellmate stated the details of Gonzalez's arrest; however those details did not appear in the recorded interview. And the fact that Gonzalez's mother was confused when the cellmate called is not inconsistent with there being a plan of which his mother was

unaware.  We conclude that there was sufficient evidence to corroborate the hearsay statement.  Accordingly, we reject this challenge.

## II.

For the foregoing reasons, the judgment of district court is

**AFFIRMED.**